**Joint Proposed Scheduling Order**

| Event | Deadline |
|---|---|
| Initial Disclosures | 2/28/2025 |
| Plaintiff's Identification of Asserted Claims and Infringement Contentions. Plaintiff shall also identify the priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[1] | 3/25/2025 |
| All motions to join additional parties and amend the complaint must be filed. | 5/9/2025 |
| Defendant's Disclosure of Invalidity Contentions. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | 5/27/2025 |
| Exchange of proposed terms for construction. | 6/11/2025 |
| Exchange of Preliminary Claim Constructions and extrinsic evidence. The parties shall disclose any extrinsic evidence, including identifying any expert witnesses they may rely on for claim construction and the scope of the topics of the experts' expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | 6/25/2025 |
| Joint claim construction / prehearing statement listing each parties' proposed constructions and supporting evidence (filed with Court, no argument). | 7/9/2025 |
| Parties submit optional technical tutorials to the Court.[2] | 7/9/2025 |
| Simultaneous Opening Claim Construction Briefs. | 7/23/2025 |
| Simultaneous Reply Claim Construction Briefs. | 8/18/2025 |
| *Markman* hearing | [ ] Approximately 9/3/2025 |

---

[1] The parties agree to meet and confer within a week after plaintiff's identification of asserted claims and infringement contentions to discuss limits regarding the number of claim terms to be presented for construction by the Court and page limits for claim construction briefs.

[2] In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

1

| | |
|---|---|
| Amendments to Plaintiff's Infringement Contentions and Defendant's Invalidity Contentions[3] | Four weeks after the *Markman* decision |
| Exchange of privilege logs (no need to log materials generated after the filing date of the original complaint) | Two weeks before the close of fact discovery |
| Fact discovery shall be completed. | Five months after the *Markman* hearing[4] |
| Exchange of supplemental privilege logs (no need to log materials generated after the filing date of the original complaint) | One week after the close of fact discovery |
| Exchange of opening expert reports on issues for which the parties bear the initial burden of proof. | Two weeks after the close of fact discovery or four weeks after the *Markman* decision, whichever is later. |
| Exchange of rebuttal expert reports. | Six weeks after the close of fact discovery or eight weeks after the *Markman* decision, whichever is later. |
| Expert discovery shall be completed. | Nine weeks after the close of fact discovery or 11 weeks after the *Markman* decision, whichever is later. |
| Mediation shall be completed. | One week after the close of expert discovery. |

---

[3] Plaintiff may not amend its infringement contentions to assert new patent claims and defendant may not amend its invalidity contentions to assert new prior art references. The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as the amendment is made because (i) of a claim construction by the Court that is different from that proposed by the party seeking amendment, or (ii) counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and the amendment is made seasonably upon identifying any such material.

[4] The parties have made certain deviations from the Court's Template Scheduling Order and Local Rules to meet the particular needs of this case. Specifically, this is a case involving eight asserted patents in a highly technical field. Because this is a patent case, the parties have proposed deadlines that are contingent on the timing of the claim construction hearing and the Court's claim construction order. In particular, the parties have jointly proposed and respectfully request that the Court adopt discovery deadlines, and deadlines in the schedule that follow discovery, that will be set based upon the timing of the claim construction hearing and the Court's claim construction order. The parties will submit a revised Joint Proposed Scheduling Order upon receipt of the Court's claim construction order to substitute dates certain for dates included in the Joint Proposed Scheduling Order that are now set based upon the timing of the Court's claim construction order.

|  |  |
|---|---|
| All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed. Any Daubert motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)], the motion to strike shall be filed with that party's responsive memorandum. | 60 days after the close of expert discovery. |
| Responses to dispositive and *Daubert* motions | Three weeks after service of dispositive and *Daubert* motions. |
| Replies to dispositive and *Daubert* motions | Three weeks after service of responses to dispositive and *Daubert* motions. |
| All pretrial motions and memoranda of law must be filed. | 45 days prior to calendar call. |
| Responses to pretrial motions | 14 days after service of pretrial motions. |
| Replies to pretrial motions | Seven days after service of responses to pretrial motions. |
| Parties must file Joint Pretrial Stipulation, as set forth herein. | One week prior to calendar call. |
| Calendar Call | The Tuesday prior to the first day of trial at 10:00 am. |
| Trial | Trial is scheduled to commence beginning 120 days after the filing deadline for dispositive motions. |