<u>**Joint Proposed Scheduling Order**</u>

The Parties submit this Joint Proposed Scheduling Order with disputed deadlines concerning joining additional parties, amending pleadings and narrowing asserted claims and prior art references. Deadlines concerning joining additional parties and amending pleadings were raised before the Court during the status conference on May 7, 2025. *See* Ex. 1 at p. 17 (Court's comments on the issue). Counsel for the parties also discussed deadlines for narrowing asserted claims and prior art references during the status conference while conferring but not during the discussion with the Court. The Parties' proposals are in brackets embedded in the disputed deadlines. A short summary of the Parties' respective positions follows:

<u>**Plaintiff's Position**</u>:

***Amending Deadlines****:* T5.2 respectfully submits this Court ruled T5.2 would have two weeks following Citrix's Answer within which to file a Motion for Leave under Rule 15 to amend the operative Complaint. Doing so, this Court stated "So if we get to an answer -- if that's what happens after the motion to dismiss and they answer, you will have two weeks to file a motion for leave to file an amended complaint." Contrary to Citrix's contention, Rule 16 is not directed towards leave to amend pleadings, but rather concerns a Court's ability to consent to a modification of a Scheduling Order. This Court did not discuss modifications to the Scheduling Order under Rule 16 during that discrete dialogue. Accordingly, Citrix's proposal does not properly reflect the Court's ore tenus ruling on this subject, and T5.2 respectfully requests this Court adopt its proposal on this particular deadline.

***Narrowing Deadlines***: Plaintiff has committed to work with Defendants to submit a proposed <u>joint</u> stipulation pertaining to narrowing asserted claims and prior art references (the "Narrowing Deadlines") in the coming weeks. That said, Plaintiff opposes including Defendant's proposed

Narrowing Deadlines in the Scheduling Order for several reasons. Foremost, Defendant's Narrowing Deadlines are outside the scope of this Scheduling Order as they were not argued to the Court at the hearing and were only first proposed <u>late in the afternoon the day before the deadline to file the Scheduling Order</u> (which deprived Plaintiff from meaningfully responding to the proposal). Further, the proposed Narrowing Deadlines are improperly structured as narrowing of the claims and prior art references should occur after the parties serve their final infringement and validity contentions, not immediately after the Markman order issues. Plaintiff will need to analyze Defendant's final invalidity contentions before deciding which claims to drop from the case and thus suggests any Narrowing Deadlines occur after the final infringement and invalidity contentions. Accordingly, Plaintiff urges this Court to allow the parties time to meaningfully discuss an appropriate joint stipulation for a Narrowing Deadlines to submit to the Court in the coming weeks.

**<u>Defendant's Position</u>**:

(1) Deadline to join additional parties and amend the complaint (May 23, 2025):  Any dispute concerning this deadline is now moot given that the May 23, 2025 deadline has passed. In any event, Plaintiff's suggestion that the Court granted it leave to freely amend its Amended Complaint until May 23, 2025 is not correct. The transcript of the status conference confirms the Court granted Plaintiff no such leave. *See* Ex. 1 at p. 15-17.

(2) Deadline for Plaintiff to amend its Amended Complaint pursuant to Fed. R. Civ. P. 16 (14 days after Defendant answers the Amended Complaint): Defendant's position that Rule 16 will govern a motion for leave filed by Plaintiff to amend its Amended Complaint is consistent with the Court's ruling at the status conference. As the Court explained, Plaintiff may file a motion for leave to amend its pleading *with good cause* based on the contents of Defendant's answer within two weeks

from when Defendant files its answer. In particular, the Court stated, "if we get to an answer—if that's what happens after the motion to dismiss and they answer, [Plaintiff] will have two weeks to file a motion for leave to file an amended complaint. And then I might give [Plaintiff] leave, I might not. It depends on what [Plaintiff] want[s] to amend and whether I think it was reasonable to wait until after the answer and whether or not it prejudices the defendant." Ex. 1 at 17:15–20. Importantly, the Court explained that any motion filed by Plaintiff to amend would be granted only "*if there is good cause*." *Id.* at 17:12–14 (emphasis added). In other words, if Plaintiff seeks to amend its Amended Complaint, it must file a motion for leave within two weeks of when Defendant files its answer and Plaintiff's motion will be adjudged under the good cause standard set forth in Rule 16.

(3) Procedure for narrowing asserted claims and prior art references: Defendant has proposed three staggered deadlines staged to occur shortly after the Court's Markman decision to facilitate narrowing the scope of asserted claims and prior art references: (a) a deadline for the parties to meet and confer regarding narrowing claims and prior art references set for two weeks after the Markman decision; (b) a deadline for Plaintiff to narrow the claims it is asserting set for six weeks after the Markman decision; and (c) a deadline for Defendant to narrow the prior art references it is relying upon set for eight weeks after the Markman decision. These deadlines are typical in a patent case, as parties almost always work collaboratively to narrow the scope of the case to a manageable size in advance of trial. These deadlines are especially important in this case, given that Plaintiff is currently asserting 161 patent claims and 8 patents against Defendant. The staggered nature of these deadlines is necessary because Defendant will only be able to make a reasoned decision about the prior art references it intends to rely upon to show invalidity of the asserted claims after Plaintiff decides on what the asserted claims will be.

| Event | Deadline |
|---|---|
| Initial Disclosures | 2/28/2025 |
| Plaintiff's Identification of Asserted Claims and Infringement Contentions. Plaintiff shall also identify the priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | 3/25/2025 |
| [**PLAINTIFF**: Deadline to join additional parties and amend the complaint without leave of Court.] OR [**DEFENDANT**: Deadline to join additional parties and amend the complaint pursuant to Fed. R. Civ. P. 15.] | 5/23/2025 |
| [**PLAINTIFF**: All motions to join additional parties and amend the complaint must be filed.] OR [**DEFENDANT**: Deadline for Plaintiff to amend its complaint pursuant to Fed. R. Civ. P. 16.] | Fourteen days after Defendant answers the Amended Complaint |
| Defendant's Disclosure of Invalidity Contentions. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | 6/10/2025 |
| Exchange of proposed terms for construction. | 7/21/2025 |
| Exchange of Preliminary Claim Constructions and extrinsic evidence. The parties shall disclose any extrinsic evidence, including identifying any expert witnesses    they may rely on for claim construction and the scope of the topics of the experts' expected testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | 8/4/2025 |
| Joint claim construction / prehearing statement listing each parties' proposed constructions and supporting evidence (filed with Court, no argument). | 8/18/2025 |
| Parties submit optional technical tutorials to the Court.[1] | 8/18/2025 |
| Party seeking construction of a claim term files its Opening Claim Construction Briefs (to be submitted on a term-by-term basis by a party proposing a construction for a particular term) (limited to 40 pages). | 8/27/2025 |

[1] In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

| | |
|---|---|
| Response Claim Construction Briefs (limited to 40 pages). | 9/22/2025 |
| Reply Claim Construction Briefs (limited to 15 pages). | 10/6/2025 |
| Sur-reply Claim Construction Briefs (limited to 5 pages). | 10/13/2025 |
| *Markman* hearing | 10/27/2025 |
| [**DEFENDANT:** Parties meet and confer to discuss narrowing of asserted claims and prior art references.] | Two weeks after the *Markman* decision |
| [**DEFENDANT:** Plaintiff narrows the asserted claims to the number of claims the parties agree upon in the meet and confer process.] | Six weeks after the *Markman* decision |
| [**DEFENDANT:** Defendant narrows the prior art references it is relying upon to the number of references the parties agree upon in the meet and confer process.] | Eight weeks after the *Markman* decision |
| Amendments to Plaintiff's Infringement Contentions and Defendant's Invalidity Contentions[2] | Eight weeks after the *Markman* decision |
| Exchange of privilege logs (no need to log materials generated after the filing date of the original complaint) | Two weeks before the close of fact discovery |
| Fact discovery shall be completed. | Five months after the *Markman* decision |
| Exchange of supplemental privilege logs (no need to log materials generated after the filing date of the original complaint) | One week after the close of fact discovery |
| Exchange of opening expert reports on issues for which the parties bear the initial burden of proof. | Two weeks after the close of fact discovery. |
| Exchange of rebuttal expert reports. | Six weeks after the close of fact discovery. |
| Expert discovery shall be completed. | Nine weeks after the close of fact discovery. |
| Mediation shall be completed. | One week after the close of expert discovery. |
| All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed. Any Daubert motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. | 60 days after the close of expert discovery. |

[2] Plaintiff may not amend its infringement contentions to assert new patent claims and defendant may not amend its invalidity contentions to assert new prior art references. The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as the amendment is made because (i) of a claim construction by the Court that is different from that proposed by the party seeking amendment, or (ii) counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.

| | |
|---|---|
| 579 (1993)], the motion to strike shall be filed with that party's responsive memorandum. | |
| Responses to dispositive and *Daubert* motions | Three weeks after service of dispositive and *Daubert* motions. |
| Replies to dispositive and *Daubert* motions | Three weeks after service of responses to dispositive and *Daubert* motions. |
| All pretrial motions and memoranda of law must be filed. | 45 days prior to calendar call. |
| Responses to pretrial motions | 14 days after service of pretrial motions. |
| Replies to pretrial motions | Seven days after service of responses to pretrial motions. |
| Parties must file Joint Pretrial Stipulation, as set forth herein. | One week prior to calendar call. |
| Calendar Call | The Tuesday prior to the first day of trial at 10:00 am. |
| Trial | Trial is scheduled to commence beginning 120 days after the filing deadline for dispositive motions. |