```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                     CASE NO. 24-CV-62093-JB


 T5.2 LTD,                              Miami, Florida

            Plaintiff,                  May 7, 2025

     vs.                                10:52 a.m. - 1:32 p.m.

 CITRIX SYSTEMS, INC.,                  Volume 1 of 1

            Defendant.                  Pages 1 to 19
 _____

                      STATUS CONFERENCE
             BEFORE THE HONORABLE JACQUELINE BECERRA
                   UNITED STATES DISTRICT JUDGE

 APPEARANCES:


 FOR THE PLAINTIFF:          CHRISTOPHER V. GOODPASTOR, ESQ
                             ADAM GEOFFREY PRICE, ESQ
                             DiNovo Price LLP
                             7000 N. MoPac Expressway
                             Suite 350
                             Austin, Texas 78731


                             ALEXANDER DANIEL BROWN, ESQ
                             The Concept Law Group, P.A.
                             6400 North Andrews Avenue
                             Suite 500
                             Fort Lauderdale, Florida 33309
```

```
 1   FOR THE DEFENDANT:          MICHAEL G. STRAPP, ESQ
                                 DLA Piper LLP (US)
 2                               33 Arch Street
                                 26th Floor
 3                               Boston, Massachusetts 02110

 4                               ARDITH M. BROWNSON, ESQ
                                 JOSE M. ESPINOSA, ESQ
 5                               DLA Piper LLP (US)
                                 200 South Biscayne Boulevard
 6                               Suite 2500
                                 Miami, Florida 33131
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
     STENOGRAPHICALLY REPORTED BY:
21
     VERNITA ALLEN-WILLIAMS, RPR, RMR, FCRR
22   Official Court Reporter to:
     The Honorable Jacqueline Becerra
23   United States District Court
     Southern District of Florida
24   400 North Miami Avenue
     Miami, Florida 33128
25   Vernita_Allen-Williams@flsd.uscourts.gov
```

```
10:52AM   1              (Call to order of the Court at 10:52 a.m.)
10:52AM   2              THE COURTROOM DEPUTY:  Calling T5.2 LTD vs. Citrix
10:52AM   3    Systems, Inc., Case No. 24-CV-62093-Becerra.
10:52AM   4              Counsel, please state your appearance, beginning with
10:52AM   5    plaintiff.
10:52AM   6              MR. PRICE:  Adam Price for T5.
10:52AM   7              MR. GOODPASTOR:  Good morning, Your Honor.  Chris
10:52AM   8    Goodpastor for T5.
10:52AM   9              MR. BROWN:  And good morning, Your Honor.  Alex Brown,
10:52AM  10    Concept Law, on behalf of T5.
10:52AM  11              MR. STRAPP:  Good morning, Your Honor.  Michael Strapp on
10:52AM  12    on behalf of defendant Citrix.
10:52AM  13              MS. BRONSON:  Good morning, Your Honor.  Ardith Bronson
10:52AM  14    on behalf of defendant Citrix.
10:53AM  15              MR. ESPINOSA:  And good morning, Your Honor.  Jose
10:53AM  16    Espinosa on behalf of defendant Citrix.
10:53AM  17              THE COURT:  You look familiar.  Everybody take a seat.
10:53AM  18              All right.  As you can see, my morning calendar -- my
10:53AM  19    criminal calendar is on fire, for lack of a better way of putting
10:53AM  20    it, so I apologize that we started this hearing late.  I know you
10:53AM  21    were all here.
10:53AM  22              So the reason I called you in is because I know you have
10:53AM  23    the pending motion to stay discovery.  I know the state case has
10:53AM  24    pending motions to dismiss even on patent cases.  That's number
10:53AM  25    one.
```

10:53AM  1              Number two, you all submitted your proposed scheduling
10:53AM  2   order.  I don't have an objection to it, but this is what I wanted
10:53AM  3   to tell you all before granting it and give you a minute to, you
10:53AM  4   know, go to the attorney lounge and talk and make sure that this
10:53AM  5   is still what you want to live by.
10:53AM  6              First of all, you submitted it back in March.  Right?  So
10:53AM  7   it's been a while.  I don't know if things have changed, so I
10:53AM  8   wanted to give you a minute.  I'm not going to grant it two months
10:54AM  9   later.  I know what happens in litigation two months in.  In two
10:54AM 10   months all sorts of things could happen; so I want you to take
10:54AM 11   that into consideration that I will enter something today or
10:54AM 12   tomorrow.
10:54AM 13              I am not staying the discovery of the case.  I will give
10:54AM 14   you a hearing on the motion to dismiss relatively soon; and by
10:54AM 15   "soon" I mean probably some time in June because I've got four
10:54AM 16   criminal cases back to back.  In fact, I am supposed to be in a
10:54AM 17   criminal case right now and he took a plea Monday morning when he
10:54AM 18   saw the jury lined up.  This isn't state court; that doesn't
10:54AM 19   happen that often, but it happened.  But I am in trial till the
10:54AM 20   beginning of June is the reality, right?
10:54AM 21              So I will give you a hearing on that motion to dismiss,
10:54AM 22   but it's not going to be till sometime mid- to late June at the
10:54AM 23   earliest.  I'm just letting you know where I'm at with my
10:54AM 24   calendar.  I can't jump you all ahead of other motions.  I'm
10:55AM 25   trying to get to the older ones; sometimes I get to the ones that

10:55AM 1  just got filed and then I forget "Oh, we've got this one that's
10:55AM 2  been pending a while." I am trying to get to those, but I am
10:55AM 3  being realistic about when I can hear you. This is a motion to
10:55AM 4  dismiss that will take an hour and a half to hear. I give people
10:55AM 5  plenty of time to talk, so it's not a short hearing for me. I
10:55AM 6  have to schedule, you know, a morning or half an afternoon for it.
10:55AM 7       And then the other issue is you gave me a Markman
10:55AM 8  hearing, which I appreciate because the template online isn't for
10:55AM 9  a patent case and of course you need a Markman hearing on these
10:55AM 10 kinds of cases, and you gave me that Markman hearing sometime in
10:55AM 11 September. Again, I want you to go back and talk about this
10:55AM 12 deadline because I assume the Markman hearing is going to be how
10:55AM 13 long? How many days do you think?
10:55AM 14      MR. STRAPP: Your Honor, I think we could do it in one
10:55AM 15 day.
10:55AM 16      THE COURT: All right.
10:55AM 17      MR. GOODPASTOR: We agree.
10:55AM 18      THE COURT: All right. That's not too bad. A Markman
10:55AM 19 hearing for a day is not too bad. At any rate, so that's why I
10:55AM 20 called you in. I didn't want to do it by Zoom; A, I hate Zoom; B,
10:56AM 21 I don't think it's that productive. I need you all in a room,
10:56AM 22 look at these dates again, can you live by them. I'm not staying
10:56AM 23 discovery.
10:56AM 24      I will hear the motion to dismiss, you know, sometime,
10:56AM 25 hopefully June, it could even be July. I will hear it this

```
10:56AM   1   summer.  Now that you know that, look at these dates and tell me
10:56AM   2   whether you can live with it, all right, because I don't want to
10:56AM   3   enter it without that.
10:56AM   4            This is the other thing to tell you.  I am going to give
10:56AM   5   you whatever dates you want, as long as you give me a good reason
10:56AM   6   to do it.  So if you tell me this is a patent case, you have a
10:56AM   7   bunch of lawyers on it, my daughter is getting married, my son's
10:56AM   8   bar mitzvah is coming up, my 30th wedding anniversary, whatever, I
10:56AM   9   will give you whatever dates you want.  It's all the same to me.
10:56AM  10   I'm here for the rest of my life, right?  What do I care?
10:56AM  11            But this is the issue.  Once you give me those dates,
10:56AM  12   those are your dates.  I am not going to move them barring, like,
10:56AM  13   a catastrophic event.  And the reason I say that is if you all
10:57AM  14   could see how many unopposed motions to move deadlines I get a
10:57AM  15   day, and your colleague might give you some insight as to how many
10:57AM  16   judges get, your mind would explode.  Right?  And so I want to
10:57AM  17   avoid that; so I'll give you plenty of time.  I'm not in a hurry.
10:57AM  18   I will give you the time you need.
10:57AM  19            But then don't ask me to move this case four times
10:57AM  20   because that is wreaking horrific havoc with my schedule; in large
10:57AM  21   part because I have a two- to three-month criminal case that's
10:57AM  22   going to either be this year or next it looks like now, and I also
10:57AM  23   have the constitutional challenge to our congressional district
10:57AM  24   which if it is has to take place on a date certain because of our
10:57AM  25   election, right?  So I don't have a lot of wiggle room for the
```

```
10:57AM   1   next 18 months to two years, and so I can't also have civil cases
10:58AM   2   where everybody changes their mind about what's due.
10:58AM   3              So have a meaningful conferral.  I'm here all day.  Once
10:58AM   4   you're all done in the back, you will let Donna know that you're
10:58AM   5   ready.  I have a sentencing I am going to take at 11:30; so if
10:58AM   6   you're ready before 11:30, great; if not, after that sentencing,
10:58AM   7   and then I think I have a 2:00 o'clock and a 3:00 o'clock, so I'm
10:58AM   8   here.  You're not going to take, I know, three hours to do this.
10:58AM   9   But take half an hour, take 45 minutes, take the time you need
10:58AM  10   because these dates are going to hold.  These dates are going to
10:58AM  11   hold.  Again, you know, if there is a catastrophic event, I get
10:58AM  12   it.  But your expert can't make it is not a catastrophic event,
10:58AM  13   your 20th wedding anniversary is not a catastrophic.  You have
10:58AM  14   known that for 20 years, right?  You need emergency surgery, okay,
10:58AM  15   I'm not ridiculous, I am not going to make you try the case.  But
10:58AM  16   then your reasons to move a deadline have to be in the realm of
10:58AM  17   catastrophic; it can't be in the realm of inconvenience, right?
10:59AM  18   This is the only way I know how to manage my schedule right now is
10:59AM  19   to be that way.
10:59AM  20              I don't want to just give you the dates I like because
10:59AM  21   then that makes your life miserable.  I was a lawyer for many,
10:59AM  22   many years before taking the bench.  I'm not trying to make you
10:59AM  23   miserable.  It's hard enough to practice law, right?  That's why I
10:59AM  24   will give you whatever time you want.
10:59AM  25              So knowing that I will give you more time if you really
```

10:59AM 1 need it, ask me for it now so I can enter one order. All right.
10:59AM 2 Does that make sense to everybody?
10:59AM 3 Do you have any questions for me before you all go back
10:59AM 4 to the lawyers room?
10:59AM 5 MR. PRICE: I do, Your Honor. The early September date
10:59AM 6 for the Markman hearing, does that work for the Court? Should we
10:59AM 7 assume that that is --
10:59AM 8 THE COURT: It wasn't going to work, but I have a
10:59AM 9 calendar call -- not a calendar call. I have a status conference
10:59AM 10 on my criminal case tomorrow, so it might work after all.
10:59AM 11 Don't worry about it because if you give me a date and I
11:00AM 12 am in the middle of that criminal case for whatever reason, I will
11:00AM 13 recess the criminal case for a day for the Markman hearing because
11:00AM 14 that's a criminal case that's going to go on for two months, and
11:00AM 15 there's going to be all sorts of reasons to take days off, right.
11:00AM 16 If you give me a date that's during the time frame of the
11:00AM 17 congressional districting challenge, that's different because I
11:00AM 18 sit -- that's a three-judge panel case. I can't recess a day; but
11:00AM 19 that's assuming that that's not a summary judgment case, so I am
11:00AM 20 not going to stress about that one. And that one is in January.
11:00AM 21 You're not going to propose a Markman hearing in January, I don't
11:00AM 22 think.
11:00AM 23 MR. PRICE: Correct.
11:00AM 24 THE COURT: So I think you're fine.
11:00AM 25 But if you propose a Markman hearing any time this year,

```
11:00AM   1  even if I'm in that massive criminal case, I will recess the day
11:00AM   2  to hear the Markman hearing because I know a Markman hearing, from
11:00AM   3  a scheduling perspective, it is difficult because you have a bunch
11:00AM   4  of experts, right; or at least one or two.  Those are harder to
11:00AM   5  move.
11:00AM   6          MR. PRICE:  Okay.
11:00AM   7          THE COURT:  I get it.  Because those schedules for those
11:00AM   8  experts are ridiculous; they're worse than mine, so I get it.  All
11:01AM   9  right.
11:01AM  10          Anything on behalf of the defendants?
11:01AM  11          MR. STRAPP:  No, Your Honor.
11:01AM  12          THE COURT:  All right.  Well, get to work.
11:01AM  13          MR. PRICE:  Your Honor, if I may.
11:01AM  14          Just so we can maybe guide our discussion a little bit,
11:01AM  15  we did put in the scheduling order a -- we were going to talk
11:01AM  16  about Markman term limits and page limits.
11:01AM  17          Is there any guidance the Court can give us on how much
11:01AM  18  you want to see from us or how little you want to see from us?
11:01AM  19          THE COURT:  Okay.  So here is where I am with that.
11:01AM  20  Don't assume that I don't know what a Markman hearing is because I
11:01AM  21  do, right?
11:01AM  22          So when you're thinking of briefing it, you know, I don't
11:01AM  23  need 17 cites to the law because I know it pretty much; and
11:01AM  24  looking at an Eleventh Circuit case here and there or circuit case
11:01AM  25  here and there will be enough.  Right?
```

11:01AM 1 What I am going to want more detail on, obviously, is the
11:01AM 2 specifics because the more I have on the patent the better so that
11:01AM 3 I can understand the Markman hearing. So if you need 40 pages to
11:02AM 4 do that, for this kind of case I will give it to you.
11:02AM 5 But bear in mind the reason that we have 20-page page
11:02AM 6 limits is really because after about 20 pages your mind starts
11:02AM 7 numbing. All right. So you should be able to do it --
11:02AM 8 You probably will need more than 20. Don't come back and
11:02AM 9 tell me you need 75 or 100 or 80, you know. If you have twice as
11:02AM 10 much, you're all experienced lawyers, right, you should be able to
11:02AM 11 do it; with the caveat that I don't need the 10 pages where you're
11:02AM 12 going through, right, black-letter law.
11:02AM 13 You can give me the black-letter law in two pages or
11:02AM 14 three pages, right, and then get to the other stuff. So that part
11:02AM 15 of it, like, I don't --
11:02AM 16 It's not that I don't need it; it's just that I don't
11:02AM 17 need it --
11:02AM 18 I've had these kind of cases before as a lawyer, right,
11:02AM 19 so I'm not starting at zero. I'm not starting at a hundred
11:03AM 20 either, but I'm not starting at zero, so just keep that in mind.
11:03AM 21 I don't know if that was helpful or not.
11:03AM 22 MR. PRICE: It was very helpful. Thank you.
11:03AM 23 THE COURT: All right.
11:03AM 24 MR. STRAPP: Your Honor, can I raise one issue on behalf
11:03AM 25 of the defendants?

```
11:03AM   1        There has been some additional briefing after the motion
11:03AM   2   to dismiss briefing was completed about a leave for a surreply and
11:03AM   3   a response, then a reply, just, you know, six briefs at this point
11:03AM   4   that have been submitted to Your Honor.
11:03AM   5        In some of the briefing on the surreply issue plaintiff
11:03AM   6   has raised a question about this concept of representativeness,
11:03AM   7   which is whether the eight claims that were briefed in the
11:03AM   8   original motion are representative or not representative of 153
11:03AM   9   additional claims that were identified with specificity for the
11:03AM  10   first time after the motion to dismiss was filed.
11:03AM  11        I think my question for Your Honor, given the fact that
11:03AM  12   the earliest we're going to have a hearing on the motion to
11:03AM  13   dismiss is probably mid-June and maybe later than that, would it
11:03AM  14   be Your Honor's preference or would you find it counterproductive
11:03AM  15   for us to submit additional briefs on that representativeness
11:04AM  16   issue such that the motion to dismiss addresses all the claims
11:04AM  17   that are currently asserted by plaintiff now in its infringement
11:04AM  18   contentions, or would you rather just deal with the briefing as is
11:04AM  19   on the eight claims; and then to the extent we want to address the
11:04AM  20   additional claims, we can do that later on a 12(c) motion, for
11:04AM  21   example, or a Rule 56 motion later on in the case?
11:04AM  22        THE COURT:  The problem is we either start from scratch
11:04AM  23   on the motion to dismiss, which is an incredible waste of money
11:04AM  24   for your client, so I am not inclined to do that.
11:04AM  25        I am inclined to sit and consider what's been filed; and
```

| | | |
|---|---|---|
| 11:04AM | 1 | if I need additional briefing on something, I'll let you know; but |
| 11:04AM | 2 | otherwise, I'm not inclined to sort of open up the motion to |
| 11:04AM | 3 | motion to dismiss, which is really what it would be.  It would be |
| 11:04AM | 4 | like "Let's start from scratch and file another motion."  I mean |
| 11:04AM | 5 | unless the plaintiffs want that, but that seems to me to be not |
| 11:04AM | 6 | cost-effective. |
| 11:04AM | 7 |       MR. GOODPASTOR:  No, Your Honor, plaintiffs don't want |
| 11:05AM | 8 | that.  In fact, all of the claims -- the 161 claims that are in |
| 11:05AM | 9 | play right now were asserted in the original complaint and are in |
| 11:05AM | 10 | play, and so we have addressed that sort of change in position by |
| 11:05AM | 11 | defendants about whether they're trying to dismiss the entire |
| 11:05AM | 12 | complaint or just these eight claims.  That's what our surreply |
| 11:05AM | 13 | brief goes to, and that's all fully briefed. |
| 11:05AM | 14 |       The representative issue is all fully briefed.  We don't |
| 11:05AM | 15 | think there is a need to brief the Court further with any |
| 11:05AM | 16 | additional briefing. |
| 11:05AM | 17 |       MR. STRAPP:  Well, we disagree for the reasons we have |
| 11:05AM | 18 | expressed in the briefing.  But to the extent Your Honor is not |
| 11:05AM | 19 | inclined to accept additional briefing, we completely understand |
| 11:05AM | 20 | that. |
| 11:05AM | 21 |       We believe the six briefs that have been submitted are |
| 11:05AM | 22 | more than enough. |
| 11:05AM | 23 |       THE COURT:  Correct.  And look, if I need something on a |
| 11:05AM | 24 | particular point, it's not uncommon for me when I set the oral |
| 11:05AM | 25 | argument to tell you to come prepared with a particular issue. |

```
11:05AM   1         It's also not uncommon for me to ask for an extra five
11:06AM   2   pages, ten pages if there is a particular issue that I still don't
11:06AM   3   understand or I think was missed or not properly briefed or
11:06AM   4   something like that; I do that, too.
11:06AM   5         Just know that the reason I'm setting that motion later
11:06AM   6   on is I will be ready for the motion.  I will have read everything
11:06AM   7   and I will probably be well on my way to a decision and may even
11:06AM   8   have a decision when we start the argument; and then you can
11:06AM   9   change my mind if you like or you could try and sometimes that
11:06AM  10   happens.
11:06AM  11         So you know, by the time I hear oral argument on this,
11:06AM  12   I'm not starting my prep with the argument.  Our goal is to be
11:06AM  13   ending it with the argument.  So certainly prepare for everything,
11:06AM  14   for all the issues you addressed; but don't be surprised if we
11:06AM  15   spend the whole argument on the two or three things that I'm
11:06AM  16   interested in.
11:06AM  17         And sometimes if it's really something very narrow or I
11:07AM  18   don't think that there was enough briefing on it, the order
11:07AM  19   setting it will let you know that or you will get an order the
11:07AM  20   week before letting you know that; especially on something like
11:07AM  21   this where there are a lot of different issues.  For whatever it's
11:07AM  22   worth, that's what usually happens around here.  All right.
11:07AM  23         MR. STRAPP:  Thank you.
11:07AM  24         MR. GOODPASTOR:  Thank you, Your Honor.
11:07AM  25         THE COURT:  All right.  Let me know when you're ready.
```

```
11:07AM   1              (Recess at 11:07 a.m.)
11:07AM   2              (Back on the record at 1:25 p.m.)
01:25PM   3              THE COURTROOM DEPUTY:  I think I'm recalling Case
01:25PM   4    No. 24-CV-62093-Becerra, T5.2 LTD vs. Citrix Systems, Inc.
01:25PM   5              Counsel, please state your appearances for the record,
01:25PM   6    starting with the plaintiff.
01:25PM   7              MR. PRICE:  Good afternoon.  Adam Price for the
01:25PM   8    plaintiff.
01:25PM   9              MR. GOODPASTOR:  Good afternoon.  Chris Goodspastor for
01:25PM  10    plaintiff T5.2.
01:25PM  11              MR. BROWN:  Good afternoon.  Alex Brown of Concept Law,
01:25PM  12    on behalf of plaintiff.
01:25PM  13              MR. STRAPP:  Good afternoon.  Michael Strapp on behalf of
01:25PM  14    defendant Citrix.
01:25PM  15              MS. BRONSON:  Good afternoon.  Ardith Bronson on behalf
01:25PM  16    of the defendant.
01:25PM  17              MR. ESPINOSA:  Good afternoon.  Jose Espinosa on behalf
01:25PM  18    of the defendant.
01:25PM  19              THE COURT:  I've had my Cuban coffee, so this is going to
01:26PM  20    be quick.  Everybody sit down.
01:26PM  21              What's the issue?
01:26PM  22              MR. PRICE:  It is quick, Your Honor.
01:26PM  23              We were able to reach agreement on a lot of changes to
01:26PM  24    the schedule we had originally proposed.
01:26PM  25              Would Your Honor like me to go through those changes, or
```

```
01:26PM   1  just get right to the issue?
01:26PM   2          THE COURT:  No.  On the changes, you're going to submit a
01:26PM   3  new order --
01:26PM   4          MR. PRICE:  That's our intention.
01:26PM   5          THE COURT:  -- so don't worry about that.  I just need to
01:26PM   6  hear what the issue is.
01:26PM   7          MR. PRICE:  One gating issue before I get to that.
01:26PM   8          Is the week of 10/27 acceptable for our Markman; a day
01:26PM   9  within that week?
01:26PM  10          THE COURT:  That's fine.
01:26PM  11          MR. PRICE:  The defendants wanted to move it back, and we
01:26PM  12  were amenable.
01:26PM  13          THE COURT:  10/27 is fine.
01:26PM  14          MR. PRICE:  Okay.  The issue that remains is actually a
01:26PM  15  deadline that occurs in two days; it is the motion to join
01:26PM  16  additional parties and amend the complaint.  And this was
01:26PM  17  something that we actually brought up in our request for -- as
01:26PM  18  part of our request.
01:26PM  19          So we haven't gotten their answer yet, and we were
01:26PM  20  originally trying to be somewhat ambitious and follow the Court's
01:26PM  21  60-day deadline for that, but it just isn't working for a patent
01:26PM  22  case; especially in light of this motion to dismiss that was
01:27PM  23  filed, which pushed their answer out, which looks like they may
01:27PM  24  not answer until some time in August.
01:27PM  25          We feel like we need to see what is in that answer before
```

```
01:27PM   1   we are -- and still have an opportunity to amend our complaint; if
01:27PM   2   there is a defect notice, if we need to add an additional party.
01:27PM   3   There's a number of issues that I couldn't even, you know, count
01:27PM   4   how many possibly come up in any one answer.  But that's why we
01:27PM   5   want that deadline moved out to 60 days after their answer.
01:27PM   6              THE COURT:  Oh, it's not going to be that.  That's too
01:27PM   7   much.
01:27PM   8              MR. PRICE:  Okay.
01:27PM   9              THE COURT:  What say you?
01:27PM  10              MR. STRAPP:  So we're willing to extend the deadline by a
01:27PM  11   couple of weeks from what it's currently set at; but what we would
01:27PM  12   like to have is some finality in terms of what the pleadings look
01:27PM  13   like.
01:27PM  14              Obviously, there is the option to move under Rule 16 to
01:27PM  15   amend to the extent that they believe that there is something in
01:27PM  16   our answer that requires amendment.  But we would like to at least
01:27PM  17   have a deadline that's a date certain coming up soon, especially
01:28PM  18   given the fact that the plaintiff has already amended once, we
01:28PM  19   have already moved to dismiss twice.  We don't want to be in a
01:28PM  20   situation where we're doing that a third time.  We don't think
01:28PM  21   that's necessarily a good use of everyone's resources here.
01:28PM  22              So given that they have indicated in the joint proposal
01:28PM  23   that we made -- plaintiffs have indicated that they don't believe
01:28PM  24   that there is going to be any additional parties that need to be
01:28PM  25   added, given that they have already had an opportunity and have
```

```
01:28PM   1   taken advantage of that opportunity to amend in a very detailed
01:28PM   2   and specific way, we believe at most there should be a couple
01:28PM   3   weeks of an extension for a deadline; but beyond that it should be
01:28PM   4   the Rule 16 standard not the Rule 15 standard.
01:28PM   5              THE COURT:  This is what I am going to do.  The deadline
01:28PM   6   as it is right now, I will give you two more weeks.  I understand
01:28PM   7   that once they answer you might have reason to join a party.  It's
01:28PM   8   really not so much amend your complaint but potentially join a
01:28PM   9   party I suspect.  It could be an amendment.
01:28PM  10              But the most I would be willing to give you then would be
01:29PM  11   15 days, right, to file a motion for leave because then you're
01:29PM  12   going to need leave to do it.  I'm going to be fairly generous
01:29PM  13   with the leave if there is good cause; but I am not going to give
01:29PM  14   you 60 days after they answer.
01:29PM  15              So if we get to an answer -- if that's what happens after
01:29PM  16   the motion to dismiss and they answer, you will have two weeks to
01:29PM  17   file a motion for leave to file an amended complaint.  And then I
01:29PM  18   might give you the leave, I might not.  It depends on what you
01:29PM  19   want to amend and whether I think it was reasonable to wait until
01:29PM  20   after the answer and whether or not it prejudices the defendant.
01:29PM  21              So if there are things that that are brewing now, you
01:29PM  22   have two weeks to figure that out now; and then you will have two
01:29PM  23   weeks after they answer to file a motion to seek leave to amend.
01:29PM  24              MR. STRAPP:  Thank you, Your Honor.  Could I also raise
01:29PM  25   just one other quick scheduling issue given the motion to dismiss
```

```
01:29PM   1  hearing that is upcoming?
01:29PM   2            Your Honor mentioned that there is a possibility
01:29PM   3  optimistically it may happen at some point in June.  I just want
01:30PM   4  to let Your Honor know I have a trial scheduled before another
01:30PM   5  federal district court judge June 23rd, so it's a one-week,
01:30PM   6  five-day trial and a pretrial conference on June 16th.  So with
01:30PM   7  respect, I would ask your permission that we set that schedule for
01:30PM   8  the motion to dismiss hearing not during that week that I have
01:30PM   9  trial.
01:30PM  10            THE COURT:  Who are you in front of?
01:30PM  11            MR. STRAPP:  I'm in front of Judge Noreika in Delaware.
01:30PM  12            THE COURT:  So you're not even here?
01:30PM  13            MR. STRAPP:  Yes.
01:30PM  14            THE COURT:  Any objection?  Anybody else have a June or
01:30PM  15  July conflict?  I know the summer is tough.  That's fine.  I will
01:30PM  16  pick a date.  Again, if I pick a date and the date I randomly pick
01:30PM  17  happens to be when you're on a vacation, I understand it's summer,
01:30PM  18  especially if you have kids, let me know.  I can be a little
01:30PM  19  flexible with that, so don't, you know, I'll be reasonable.  Just
01:30PM  20  don't let me know, like, two days beforehand because then I have
01:30PM  21  already prepared and then I get annoyed.
01:30PM  22            So just let me know because we're going to be issuing
01:30PM  23  that scheduling order probably in the next week or so, so you will
01:31PM  24  see it in plenty of time.  All right.
01:31PM  25            MR. STRAPP:  Thank you, Your Honor.
```

```
01:31PM   1          THE COURT: Anything else on behalf of the plaintiff?
01:31PM   2          MR. PRICE: No, Your Honor.
01:31PM   3          THE COURT: Defendant?
01:31PM   4          MR. STRAPP: No, Your Honor. Thank you.
01:31PM   5          THE COURT: All right. Thank you very much. Good seeing
01:31PM   6   you all.
01:31PM   7              (Recess at 1:31 p.m.)
          8                       C E R T I F I C A T E
          9          I hereby certify that the foregoing is an accurate
         10   transcription of the proceedings in the above-entitled matter.
         11
         12
         13   DATE:  5/14/25          /s/Vernita Allen-Williams
                                      VERNITA ALLEN-WILLIAMS, RMR, FCRR
         14                           Official Court Reporter
                                      United States District Court
         15                           Southern District of Florida
                                      400 North Miami Avenue
         16                           Miami, Florida 33128
                                      (305) 523-5938
         17
         18
         19
         20
         21
         22
         23
         24
         25
```