UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-62093-BECERRA/STRAUSS

**T5.2 LTD.,**

    Plaintiff,

v.

**CITRIX SYSTEMS, INC.,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant's Motion to Dismiss ("MTD") [DE 45], which has been referred to me for a report and recommendation [DE 76]. I have reviewed the MTD, the Response [DE 52] and Reply [DE 53] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the MTD [DE 45] be **DENIED**.

In this patent infringement action, Plaintiff, T5.2 LTD ("T5.2") accuses Defendant, Citrix Systems, Inc. ("Citrix"), of infringing eight patents (the "Patent(s)"). The Amended Complaint [DE 41] contains eight counts, with each count alleging infringement of one of the eight Patents. Specifically, in each count, T5.2 alleges that Citrix has infringed, and continues to infringe, "one or more claims of the [] Patent" that is the subject of the count, "including but not limited to at least claim [x]." *See, e.g.*, [DE 41] ¶¶ 105, 112, 113.

Citrix has moved to dismiss the Amended Complaint, arguing that "the asserted claims of the patents-in-suit are not patent-eligible under 35 U.S.C. § 101." [DE 45] at 6. "Section 101 provides that a patent may be obtained for 'any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.'" *United Servs. Auto. Ass'n*

*v. PNC Bank N.A.*, 139 F.4th 1332, 1336 (Fed. Cir. 2025) (quoting 35 U.S.C. § 101). However, "'[l]aws of nature, natural phenomena, and abstract ideas' . . . 'are not patentable.'" *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1378 (Fed. Cir. 2025) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). "To determine whether an invention claims ineligible subject matter, [courts] engage in a two-step process established by the Supreme Court": (1) at step one, courts "'determine whether the claims at issue are directed to a patent-ineligible concept,' such as an abstract idea"; and (2) at step two, courts "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (citing and quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217-18 (2014)). The Supreme Court has described step two "as a search for an inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 1378-79 (quoting *Alice*, 573 U.S. at 217-18) (alteration adopted) (internal quotation marks omitted).

Although the parties dispute whether the Patents claim eligible subject matter, T5.2 argues at the outset of its response that the Court should deny the MTD as premature – and that the Court need not reach the two-step process under *Alice* – for two separate reasons. According to T5.2, those reasons are: (1) Citrix's MTD only analyzes one claim of each Patent without establishing

that those claims are representative of the other 153 claims of the Patents that are at issue;[1] and (2) "claim construction disputes preclude dismissal." [DE 52] at 17.[2]

With respect to T5.2's representativeness contention, Citrix states in its Reply "that it moved to dismiss only eight claims: claim 11 of the '490 patent and claim 1 of each of the other seven patents-in-suit," that it "did not contend that one particular claim is representative of any other," and that it did not "address patent claims beyond the eight identified in its [MTD]." [DE 53] at 5; *see also id.* at 7 (stating that T5.2 is correct "that Citrix has failed to prove that any one patent claim is representative of 161 patent claims across eight patents"). Consequently, Citrix asserts that the Court need not address T5.2's representativeness contention.

Citrix implies, though, that the Court should still at least partially dismiss the Amended Complaint – that the Court should dismiss the Amended Complaint as to the eight claims of the Patents that the MTD does address. *Cf. id.* at 7 ("Citrix has moved to dismiss eight patent claims."); *id.* at 8 ("Citrix agrees that [the other] 153 claims are not part of [the MTD], not before the Court, and need not be considered."). At the same time, Citrix does attempt to convince the

---

[1] T5.2 notes that it served its Preliminary Infringement Contentions on March 25, 2025, asserting a total of 161 claims. *See* [DE 52] at 10 n.3. That service came approximately three weeks after Citrix filed the MTD.

[2] I only discuss T5.2's first argument further below because T5.2 has fallen woefully short of showing that claim construction disputes preclude dismissal. T5.2's claim construction argument is limited to a single brief paragraph in which T5.2 contends that "Citrix's [MTD] raises claim construction disputes over the term 'analyzing . . . instructions to determine which instructions . . . are useful for the generation of compression assistance data' in '147 patent, cl. 1 and similar terms in other claims, requiring denial of its [MTD]." [DE 52] at 17. But a "patentee must do more than invoke a generic need for claim construction or discovery to avoid [the] grant of a motion to dismiss under § 101." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361 (Fed. Cir. 2023). In fact, "the patentee must propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Id.* at 1360-61. T5.2, however, has plainly failed to do so.

Court that it can, and perhaps should, dismiss the Amended Complaint in full (including as to the 153 claims not addressed in the MTD). *See id.* at 8-9 (asserting that "if the Court chooses to evaluate these additional claims, it must be noted that T5.2 has not argued that any one of these 153 claims is materially different for purposes of the patent-eligibility analysis" and that T5.2 has therefore "conceded the point"); *see also id.* at 10 (requesting that the Court "dismiss with prejudice T5.2's complaint alleging that Citrix infringes the patents-in-suit" (i.e., the eight Patents at issue), without limiting the foregoing request to the eight claims addressed in the MTD).

Dismissal of the Amended Complaint in its entirety, however, would be improper given that Citrix never argued that the eight claims the MTD addressed are representative of the other 153 claims of the Patents. In its Reply, Citrix states that "[t]o contest a reasonable assertion of representativeness, the patent owner must present 'a non-frivolous argument that the eligibility of the purported representative claim does not fairly represent all claims in the group for purposes of eligibility.'" [DE 53] at 9 (quoting *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291 (Fed. Cir. 2024)). However, as Citrix acknowledges, it never made any assertion of representativeness. And Citrix omits that the burden only shifts to the patent owner to make the foregoing "non-frivolous argument" if "[t]he patent challenger who identifies a claim as representative of a group of claims [satisfies the patent challenger's] initial burden to make a prima facie showing that the group of claims are 'substantially similar and linked to the same' ineligible concept." *Mobile Acuity*, 110 F.4th at 1290 (citation omitted). But Citrix has not even attempted to satisfy that initial burden; again, as it explicitly acknowledges in its Reply, it never even made an assertion of representativeness to begin with. Thus, the burden never shifted to T5.2 to contest Citrix's *nonexistent* assertion of representativeness. In other words, T5.2 did not, as Citrix contends, "concede[] the point." [DE 53] at 9.

4

After Citrix filed its Reply, T5.2 filed a motion seeking leave to file a sur-reply [DE 57]. In that motion, T5.2 asserts that Citrix raised certain arguments for the first time in its Reply. It is a bit of a stretch to say that Citrix's Reply raised new arguments. Yet, the Reply did at least clarify that Citrix was only seeking a partial dismissal (i.e., dismissal as to only the eight Patent claims addressed in Citrix's MTD) while, as discussed above, also suggesting that the Court could (and perhaps should) still dismiss the Amended Complaint in its entirety.[3] Under the circumstances, and given that T5.2's motion for leave to file a sur-reply has been fully briefed, *see* [DE 57, 60, 69], I will exercise my discretion to grant the motion for leave to file a sur-reply.[4]

In light of Citrix's acknowledgement in its Reply that its MTD only addressed eight claims (one claim of each Patent) – and that it did not address the other 153 claims of the Patents – T5.2's Sur-Reply [DE 57-1] posits that the MTD "should be denied because its attempt to seek piecemeal dismissal of only a part (i.e., a single patent claim) of each [of] the eight Counts for patent infringement is not permitted under" Rule 12(b)(6). [DE 57-1] at 2.

---

[3] Although the MTD only addresses one claim of each Patent, the MTD requests that the Court dismiss the Amended Complaint with prejudice. In other words, there is no indication in the MTD that it only seeks a *partial* dismissal. In all fairness to Citrix, Citrix may not have known at the time that it filed its MTD that T5.2 was alleging that Citrix infringed any claims of the Patents beyond the eight claims specifically discussed in the MTD. Citrix only learned after it filed the MTD that T5.2 was asserting infringement of 161 claims. *See supra* note 1. However, Citrix has not argued that T5.2 was required to identify all 161 claims in the Amended Complaint (or at any time prior to March 25, 2025, the date on which T5.2 served its Preliminary Infringement Contentions). And as T5.2 notes, allegations that an accused product meets "each and every element of at least one claim of" a particular patent are sufficient to provide "fair notice of infringement of the asserted patent[]." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Moreover, Citrix never sought to amend, re-file, or otherwise expand the scope of its MTD to address all 161 claims once T5.2 made clear that it was asserting infringement of 161 claims.

[4] I will enter a separate order granting the motion for leave to file a sur-reply for the reasons stated in this Report. I note that in considering the MTD and preparing this Report, I have considered both the Sur-Reply [DE 57-1] and the arguments in the parties' briefing related to the Sur-Reply [DE 60, 69].

5

I agree that a partial dismissal limited to the eight claims of the Patents that the MTD addresses is not appropriate – even if the Court assumes Citrix is correct that those eight claims are not patent-eligible.  As the Seventh Circuit has persuasively explained, "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."  *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original) (citation omitted); *see also Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025); *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021); Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1358 (4th ed.) ("A Rule 12(b)(6) motion also may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief, although a Rule 12(b)(6) motion may not be used to dismiss only part of a claim." (footnotes omitted)).  As the Seventh Circuit explained, contrasting the text of Rule 12(b)(6) with Rule 56 supports this interpretation.  Unlike Rule 12(b)(6), "[t]he Federal Rules of Civil Procedure explicitly allow for 'partial summary judgment' and require parties to 'identify each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.'"  *BBL*, 809 F.3d at 325 (quoting Fed. R. Civ. P. 56(a)) (alterations adopted).  Although the Eleventh Circuit[5] does not appear to have specifically decided whether or not Rule 12(b)(6) can be used to seek dismissal of only a part of a claim, several district courts within this circuit have agreed with the Seventh Circuit.  *See, e.g.*, *Griffin v. Internal Revenue Serv.*, No. 22-24023-CIV, 2024 WL 2866657, at *1 (S.D. Fla. May 30, 2024); *Est. of Leach by & through Inglett v. Tallahassee Mem'l HealthCare, Inc.*, No.

---

[5] The Federal Circuit "appl[ies] regional circuit law when reviewing motions to dismiss for failure to state a claim under Rule 12(b)(6)."  *Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 672 (Fed. Cir. 2023) (quoting *Weisner v. Google LLC*, 51 F.4th 1073, 1081 (Fed. Cir. 2022)); *see also Optis Cellular*, 139 F.4th at 1378 ("We apply the law of the regional circuit to issues not specific to patent law.").

6

4:18-CV-00369-MW-CAS, 2019 WL 13162433, at *3 (N.D. Fla. Feb. 6, 2019); *Winstead v. Lafayette Cnty. Bd. of Cnty. Commissioners*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016); *see also Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021).

Citrix responds to T5.2's piecemeal dismissal argument by asserting that partial motions to dismiss are both proper and routinely filed. That is undoubtedly true. There is nothing wrong with filing a partial motion to dismiss that seeks to dismiss only some claims/counts in a complaint,[6] and those types of partial motions to dismiss are commonplace. But that is different from a motion to dismiss that is only directed to part of a claim or cause of action and does not dispose of any single cause of action. And "[i]n the patent context, 'each patent asserted raises an independent and distinct cause of action,' and therefore 'infringement must be separately proved as to each patent.'" *Optis Cellular*, 139 F.4th at 1375 (quoting *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555-56 (Fed. Cir. 1996)) (alteration adopted).

Additionally, in responding to T5.2's Sur-Reply, Citrix contends that the cases T5.2 relies upon "state an entirely different proposition—that piecemeal theories may not be the subject of a 12(b)(6) motion." [DE 60] at 5. It is true that several cases have addressed the issue in an alternative-theory context (i.e., where a plaintiff seeks to hold a defendant liable for a cause of action based on alternative theories offering independent bases for liability). But Citrix's piecemeal theory distinction is not a material distinction. After all, a party will be liable for infringing a patent if its product infringes at least one claim of the patent. *See Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001) ("To

---

[6] *See* Wright & Miller, *supra*, § 1358 ("A Rule 12(b)(6) motion also may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief, although a Rule 12(b)(6) motion may not be used to dismiss only part of a claim." (footnotes omitted)).

prevail, the plaintiff must establish by a preponderance of the evidence that the accused device infringes one or more claims of the patent either literally or under the doctrine of equivalents." (citation omitted)). Moreover, the Seventh Circuit decision – that other cases have followed – that initially explained that motions to dismiss under Rule 12(b)(6) do not permit piecemeal dismissal of parts of claims was not a piecemeal-theory case; rather, the case was one where the district court had granted judgment on the pleadings on only certain elements of a claim. *See BBL*, 809 F.3d at 323-25. Regardless, the rule regarding piecemeal dismissal of parts of claims is not cabined to piecemeal-theory cases. Rather, the rule is broader and expressly accounts for the fact that Rule 12(b)(6) does not allow a party to seek dismissal of only part of a claim – unlike Rule 56, which allows a party to seek summary judgment on part of a claim.

Ultimately, Citrix's MTD, if successful, would only result in a partial dismissal of each count in the Amended Complaint. In other words, a dismissal limited to the eight Patent claims addressed in the MTD would not result in the dismissal of a single cause of action alleged in the Amended Complaint. Even if Citrix is correct that the eight Patent claims analyzed in the MTD are not patent-eligible, each count of the Amended Complaint would still state a claim upon which relief can be granted given that each count is also premised upon additional claims of the Patents at issue. Thus, the MTD improperly seeks piecemeal dismissal of only a part of each claim/count and should be denied.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the MTD [DE 45] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable

Jacqueline Becerra, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of September 2025.

Jared M. Strauss
United States Magistrate Judge