UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**Case No.: 24-cv-62093-EA-PAB**

T5.2 LTD.,

      Plaintiff,

v.

CITRIX SYSTEMS, INC.

      Defendant.

_____/

**<u>CITRIX SYSTEMS, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION DATED SEPTEMBER 29, 2025</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .............................................................................................. 1

III.    STANDARD OF REVIEW ................................................................................. 3

IV.    THE REPORT IS CONTRARY TO LAW ........................................................ 4

      A.    Courts Routinely Dismiss Portions of Legal Claims ............................................. 5

      B.    The Report's Reliance on BBL, Inc. v. City of Angola Is Misplaced .................. 8

      C.    Courts Routinely Dismiss a Single Patent Claim, While Permitting Litigations to Proceed with Respect to Other Claims of the Same Patent ........... 10

V.    CONCLUSION ................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
  239 F.3d 1343 (Fed. Cir. 2001) ..........................................................................10

*BBL, Inc. v. City of Angola*,
  809 F.3d 317 (7th Cir. 2015) ............................................................................8, 9

*Bilek v. Fed. Ins. Co.*,
  8 F.4th 581 (7th Cir. 2021) ...................................................................................9

*BlackBerry Ltd. v. Facebook, Inc.*,
  No. CV 18-1844 GW(KSX), 2018 WL 4847053 .................................................13

*Blair v. NCL (Bah.) Ltd.*,
  212 F. Supp. 3d 1264 (S.D. Fla. 2016) .................................................................5

*Blix Inc. v. Apple, Inc.*,
  No. CV 19-1869-LPS, 2020 WL 7027494 (D. Del. Nov. 30, 2020) ....................12

*Bossetti v. Allergan Sales, LLC*,
  No. 1:22-cv-523, 2023 WL 4030681 (S.D. Ohio June 15, 2023)...........................6

*Cerebrum Sensor Techs., Inc. v. Revvo Techs., Inc.*,
  1:24-cv-245-JLH-SRF, 2025 WL 72110 (D. Del. Jan. 10, 2025) .........................11

*Chapman v. TD Bank N.A.*,
  No. CV 3:24-0536, 2025 WL 1287995 (S.D. W. Va. May 2, 2025).......................7

*Chemehuevi Indian Tribe v. United States*,
  104 F.4th 1314 (Fed. Cir. 2024) ...........................................................................6

*Corrigent Corp. v. Dell Techs., Inc.*,
  No. 22-496-RGA, 2023 U.S. Dist. LEXIS 36242 (D. Del. Mar. 3, 2023) ............12

*Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*,
  389 F. Supp. 2d 1325 (S.D. Fla. 2004) ................................................................10

*Dukes v. Miami-Dade Cty.*,
  No. 05-22665-CIV-HUCK/SIMONTON, 2007 U.S. Dist. LEXIS 67054 (S.D.
  Fla. Sep. 11, 2007) ................................................................................................5

*Dunn-Fischer v. Dist. Sch. Bd. of Collier Cnty.*,
  No. 2:10-cv-512-FTM, 2013 WL 3832449 (M.D. Fla. July 23, 2013) ...................6

*Ernie Ball, Inc. v. Earvana, LLC*,
    502 F. App'x 971 (Fed. Cir. 2013) ...................................................................................10

*Est. of Leach by & through Inglett v. Tallahassee Mem'l HealthCare, Inc.*,
    No. 4:18-CV-00369-MW-CAS, 2019 WL 13162433 (N.D. Fla. Feb. 6, 2019) ......................9

*Friddle v. Thomas*,
    No. CV-23-01072-PHX-DJH (ESW), 2024 U.S. Dist. LEXIS 100012 (D.
    Ariz. June 4, 2024).............................................................................................................7

*Fumich v. Novo Nordisk Inc.*,
    No. 3:24-cv-9158-ZNQ-JBD, 2025 WL 2399134 (D.N.J. Aug. 19, 2025) ............................7

*Glanta Ltd. v. Soapy Care Ltd.*,
    762 F. Supp. 3d 406 (D. Del. 2025).....................................................................................11

*Griffin v. Internal Revenue Serv.*,
    No. 22-24023-Civ, 2024 WL 2866657 (S.D. Fla. May 30, 2024)...........................................9

*Hampton Univ. v. Accreditation Council for Pharmacy Educ.*,
    No. 4:20CV118 (RCY), 2021 WL 3566867 (E.D. Va. Aug. 12, 2021) ...................................7

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-CV-00661-JRG, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018) ............................13

*Inter-Tribal Council of Ariz., Inc. v. United States*,
    956 F.3d 1328 (Fed. Cir. 2020)............................................................................................6

*Jordan v. Comm'r, Miss. Dep't of Corr.*,
    947 F.3d 1322 (11th Cir. 2020) ............................................................................................3

*Karabin v. Norwin Sch. Dist.*,
    No. 2:24-CV-00769-CCW, 2025 WL 964011 (W.D. Pa. Mar. 31, 2025).................................7

*Lasky v. 69th St. Props., L.P.*,
    No. 10-60552-CV-COHN, 2010 U.S. Dist. LEXIS 63126 (S.D. Fla. June 24,
    2010) ...................................................................................................................................5

*Lovelien v. United States*,
    422 F. Supp. 3d 341 (D.D.C. 2019), *aff'd,* 853 F. App'x 676 (D.C. Cir. 2021)......................7

*McKesson Corp. v. Benzer Pharmacy Holding LLC*,
    No. 8:20-cv-2186-VMC-AAS, 2021 WL 734573 (M.D. Fla. Feb. 25, 2021) ..........................5

*Murphy v. Carnival Corp.*,
    426 F. Supp. 3d 1288 (S.D. Fla. 2019) .................................................................................5

*O'Neill v. Louisville/Jefferson Cnty. Metro Gov't,*
  662 F.3d 723 (6th Cir. 2011) ................................................................................7

*PDV USA, Inc. v. Commc'n Sols., Inc.,*
  No. 22-21372-CIV-DAMIAN/Louis, 2025 U.S. Dist. LEXIS 132793 (S.D.
  Fla. Apr. 17, 2025) ................................................................................................3

*Prysmian Cables & Sys. USA, LLC v. United States,*
  756 F. Supp. 3d 1337 (Ct. Int'l Trade 2025) ........................................................8

*Puget Bioventures, LLC v. Biomet Orthopedics, LLC,*
  325 F. Supp. 3d 899 (N.D. Ind. 2018) ................................................................11

*Puget Bioventures, LLC v. Biomet Orthopedics, LLC,*
  No. 3:17-CV-502 JD, 2018 WL 2933733 (N.D. Ind. June 11, 2018) ...................10

*Rahman v. Allstate Ins. Co.,*
  644 F. Supp. 3d 231 (E.D. La. 2022) ....................................................................8

*Ridenour v. Multi-Color Corp.,*
  147 F. Supp. 3d 452 (E.D. Va. 2015) ....................................................................8

*Rinker v. Carnival Corp.,*
  753 F. Supp. 2d 1237 (S.D. Fla. 2010) ................................................................5

*Robb v. United States,*
  80 F.3d 884 (4th Cir. 1996) ..................................................................................6

*Sakyi v. Nationstar Mortg., LLC,*
  770 F. App'x 113 (4th Cir. 2019) ..........................................................................6

*Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP,*
  136 F.4th 718 (7th Cir. 2025) ................................................................................9

*Syrainfotek, LLC v. Sakirrola,*
  No. 8:20-cv-797-T-33CPT, 2021 WL 7161942 (M.D. Fla. Jan. 12, 2021) ...........5

*Uniloc 2017 LLC v. Netflix, Inc.,*
  No. SACV 18-2055-GW-DFMX, 2019 WL 3291581 (C.D. Cal. May 14,
  2019) ..............................................................................................................12, 13

*Uniloc USA, Inc. v. AVG Techs. USA, Inc.,*
  No. 2:16-CV-00393-RWS, 2017 WL 1154927 (E.D. Tex. Mar. 28, 2017),
  *aff'd sub nom. Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890 (Fed. Cir.
  2019) ..............................................................................................................11, 12

*Uniloc USA, Inc. v. E-MDS, Inc.,*
  No. 6:14-cv-00625-RWS, 2015 WL 10791906 (E.D. Tex. Aug. 19, 2015) ...........13

*United States v. Hajecate*,
    683 F.2d 894 (5th Cir. 1982) ................................................................6

*Vanocur Refractories, LLC v. Fosbel, Inc.*,
    No. 1:23-cv-2162, 2025 WL 2444103 (N.D. Ohio Aug. 25, 2025).........................10

*Whaley v. United States*,
    No. CV 23-00457 LEK-KJM, 2024 WL 1331970 (D. Haw. Mar. 28, 2024)...........................7

*Winstead v. Lafayette Cnty. Bd. of Cnty. Commissioners*,
    197 F. Supp. 3d 1334 (N.D. Fla. 2016)................................................................9

*XiDrone Sys., Inc. v. 911 Sec. Inc.*,
    No. 3:21-CV-2669-N, 2022 WL 4485825 (N.D. Tex. Sept. 27, 2022) ...................11

*Zhejiang Hailiang Co. v. KME Ger. GmbH*,
    No. 1:23-cv-1606, 2024 U.S. Dist. LEXIS 111179 (E.D. Va. June 24, 2024) ........................8

**Statutes**

28 U.S.C. § 636(b)(1)(A) ................................................................3

35 U.S.C. § 101 ................................................................ *passim*

35 U.S.C. § 282 ................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................11, 12, 13

Fed. R. Civ. P. 12(c) ................................................................8, 9

Fed. R. Civ. P. 72................................................................3

Fed. R. Civ. P. 72(a) ................................................................3

Fed. R. Civ. P. 72(b) ................................................................3

S.D. Fla. Magistrate Judge Rule 1(d)(1)(E) ................................................................3

## I.     INTRODUCTION

Defendant Citrix Systems, Inc. ("Citrix") respectfully objects to the Magistrate Judge's September 29, 2025 Report and Recommendation (Dkt. 85; "Report") as contrary to the applicable law. The Report's conclusion that dismissal of some, but not all, asserted patent claims would constitute impermissible "piecemeal dismissal of only a part of each claim/count" is a misstatement of the law. Dkt. 85 at 8. In fact, courts in this District and throughout the country routinely dispose of only a part of a claim/count. What is more, courts also routinely dismiss parts of a claim/count in patent infringement lawsuits, including by dismissing only some, but not all, claims of an asserted patent. Because the Report is contrary to law, Citrix respectfully requests that the Court grant Citrix's Motion to Dismiss (Dkt. 45). In addition, or in the alternative, Citrix requests that the Court order additional briefing regarding the representativeness of the eight patent claims addressed in the Motion, and/or refer Citrix's Motion back to the Magistrate Judge to address the substantive patent subject matter-eligibility issues under 35 U.S.C. § 101 raised in the Motion.[1]

## II.     BACKGROUND

On November 5, 2024, T5.2 Ltd. ("T5.2") filed the instant case, asserting infringement of U.S. Patent Nos. 7,916,147; 8,081,192; 8,203,568; 8,466,922; 9,113,146; 9,117,285; 9,424,621; and 9,852,490 (the "asserted patents"), all of which are related and share a common patent specification. Dkt. 1. All asserted patents are expired. In its original Complaint, T5.2 alleged that eight patent claims were infringed: claim 11 of the '490 patent and claim 1 of each of the other seven asserted patents. *Id*. While T5.2's allegations included the technical reservation that "at least" those claims were infringed, T5.2 attached claim charts as exhibits that identified only the

---

[1] Citrix acknowledges that after the Magistrate Judge issued the Report, this case was reassigned to Judge Artau and Magistrate Judge Augustin-Birch. *See* ECF Nos. 88-89.

eight claims identified in the Complaint. *See* Dkt. 7 (Notice of Filing Omitted Exhibit Nos. 9-16).

On January 16, 2025, Citrix timely moved to dismiss T5.2's Complaint with prejudice for failure to state a claim upon which relief can be granted because none of the eight patent claims identified in the Complaint is patent-eligible under 35 U.S.C. § 101. Dkt. 40. T5.2 did not respond to Citrix's motion. Instead, on February 5, 2025, T5.2 filed an Amended Complaint. Dkt. 41. Once again, T5.2 identified only the same eight patent claims it had previously asserted in its Amended Complaint and the claim charts attached thereto. *See* Dkt. 41-9–41-16.

On March 3, 2025, Citrix timely moved to dismiss T5.2's Amended Complaint on the same § 101 patent-ineligibility grounds. Dkt. 45 ("Motion"). On March 25, 2025, T5.2 served Preliminary Infringement Contentions on Citrix. For the very first time, nearly five months after filing this lawsuit, T5.2 asserted that 153 additional patent claims were infringed. A few days later, T5.2 served its response to Citrix's Motion. Dkt. 52 ("Response"). T5.2 argued in its Response that Citrix "fails to prove that any claim identified in the Motion is representative of the 161 asserted claims." *Id.* at 1, 9-11. T5.2 raised a representativeness argument in its Response that Citrix could not have anticipated in its Motion given that T5.2 had asserted only 8 patent claims in both its original and Amended Complaints and had not informed Citrix it planned to assert infringement of 153 additional patent claims until after Citrix filed its Motion.[2]

On May 23, 2025, the Court referred Citrix's Motion to the Magistrate Judge. Dkt. 76. On September 29, 2025, the Magistrate Judge issued a Report recommending that the Court deny

---

[2] As the Magistrate Judge correctly observed, T5.2's service of its Preliminary Infringement Contentions came almost a month after Citrix's filing of the Motion to Dismiss. Dkt. 85 at 5 n.3 ("Citrix only learned after it filed the MTD that T5.2 was asserting infringement of 161 claims."); *id.* at 3 n.1 ("T5.2 notes that it served its Preliminary Infringement Contentions on March 25, 2025, asserting a total of 161 claims. That service came approximately three weeks after Citrix filed the MTD.") (citing Dkt. 52 at 10 n.3).

Citrix's Motion to Dismiss. Dkt. 85. The Report includes no analysis of the substantive § 101 patent subject matter eligibility issues that are at the core of Citrix's Motion. Instead, the Report is exclusively concerned with the fact that Citrix's Motion is directed only to the eight patent claims T5.2 had asserted when Citrix filed its Motion, not the additional 153 patent claims T5.2 subsequently asserted in its infringement contentions. Dkt. 85.

## III.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 72 fundamentally differentiates between non-dispositive and dispositive matters for purposes of delineating the authority of magistrate judges." *PDV USA, Inc. v. Commc'n Sols., Inc.*, No. 22-21372-CIV-DAMIAN/Louis, 2025 U.S. Dist. LEXIS 132793, at *6 (S.D. Fla. Apr. 17, 2025). "If 'a pretrial matter [is] not dispositive of a party's claim or defense,' then the magistrate judge may enter an order deciding that matter, subject to the requirement that '[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)).

"By contrast, if a magistrate judge hears, without the partes' [*sic*] consent, 'a pretrial matter dispositive of a claim or defense,' then the recommended disposition is subject to the limitation that '[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.'" *Id.* (quoting Fed. R. Civ. P. 72(b)). "Simply put, then, the appropriate standard of review turns on whether the Magistrate Judge's rulings concern dispositive or non-dispositive matters." *Id.*

Citrix's Motion is a dispositive motion. *See Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) ("The Federal Magistrate's Act lists several examples of motions that qualify as dispositive matters, including motions . . . to dismiss for failure to state a claim"); 28 U.S.C. § 636(b)(1)(A); *see also* S.D. Fla. Magistrate Judge Rule 1(d)(1)(E). As such, the Report

is subject to *de novo* review by this Court. But even if the Court determines that Citrix's Motion

is not dispositive, the Court should set aside the Report because it is contrary to law.

## IV.     THE REPORT IS CONTRARY TO LAW

The Report is premised on the legally erroneous conclusion that a motion to dismiss one

patent claim of a multi-claim patent constitutes improper piecemeal dismissal of a part of a legal

claim/count.[3] Courts—including in this District—routinely dismiss portions of legal

claims/counts, and there is no prohibition against the dismissal of one patent claim of a patent even

if other claims of that same patent are also asserted. Indeed, as set forth in more detail below,

courts have dismissed just a subset of asserted claims from a given patent in the exact same patent

eligibility context as is presented in Citrix's motion.

The Report states at the outset that "a partial dismissal limited to the eight claims of the

Patents that the MTD addresses is not appropriate – even if the Court assumes Citrix is correct that

those eight claims are not patent-eligible." Dkt. 85 at 6. To be sure, the Report does not address,

let alone decide whether any patent claims are patent eligible under 35 U.S.C. § 101. Instead, the

Report recommends denying Citrix's Motion based solely on the fact that the Motion addresses

only the eight patent claims T5.2 had asserted when Citrix filed its Motion, not the additional 153

patent claims T5.2 asserted in its infringement contentions three weeks after Citrix filed its Motion.

The key passage of the Report explaining the Magistrate Judge's reasoning is as follows :

> Ultimately, Citrix's MTD, if successful, would only result in a partial dismissal of
> each count in the Amended Complaint. In other words, a dismissal limited to the
> eight Patent claims addressed in the MTD would not result in the dismissal of a
> single cause of action alleged in the Amended Complaint. Even if Citrix is correct
> that the eight Patent claims analyzed in the MTD are not patent-eligible, each count
> of the Amended Complaint would still state a claim upon which relief can be
> granted given that each count is also premised upon additional claims of the Patents
> at issue. Thus, the MTD improperly seeks piecemeal dismissal of only a part of

---

[3] For the sake of clarity and to avoid confusion, Citrix refers herein to "patent claims" and "legal claims/counts" to distinguish between the two concepts.

each claim/count and should be denied.

Dkt. 85 at 8.

A.       **Courts Routinely Dismiss Portions of Legal Claims**

The Report is contrary to law because there is nothing improper with the partial dismissal of a legal claim/count. Indeed, courts in this District ***routinely*** dismiss portions of legal claims/counts. *See, e.g.*, *Blair v. NCL (Bah.) Ltd.*, 212 F. Supp. 3d 1264, 1272 (S.D. Fla. 2016) ("**The portion of Count X** based on B.B.'s emotional distress arising from witnessing the delayed and inadequate medical care K.A.B. received and from witnessing K.A.B.'s death are DISMISSED with prejudice."); *Murphy v. Carnival Corp.*, 426 F. Supp. 3d 1288, 1292 (S.D. Fla. 2019) ("[T]he Court dismisses **the portions of Count I** alleging negligent hiring and/or retention of Nurses Ramos and Mzelemu."); *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1240 (S.D. Fla. 2010) ("**[P]ortions of Count I** are dismissed with prejudice."); *Lasky v. 69th St. Props., L.P.*, No. 10-60552-CV-COHN, 2010 U.S. Dist. LEXIS 63126, at *2 (S.D. Fla. June 24, 2010) ("The Court therefore will grant Defendants' motion to dismiss as to the state law claims in Count III and **the portion** of the 'Penalties Count' that pertains to Florida remedies."); *Dukes v. Miami-Dade Cnty.*, No. 05-22665-CIV-HUCK/SIMONTON, 2007 U.S. Dist. LEXIS 67054, at *25-26 (S.D. Fla. Sep. 11, 2007) (granting "Motion to Dismiss  **Portion of Count III** of the Fourth Amended Complaint") (emphases added).

District courts elsewhere in this Circuit similarly ***routinely*** dismiss portions of legal claims/counts. *See, e.g.*, *Syrainfotek, LLC v. Sakirrola*, No. 8:20-cv-797-T-33CPT, 2021 WL 7161942, at *6 (M.D. Fla. Jan. 12, 2021) ("The Motion to Dismiss is GRANTED as to **the portion of Count II** based on premature termination."); *McKesson Corp. v. Benzer Pharmacy Holding LLC*, No. 8:20-cv-2186-VMC-AAS, 2021 WL 734573, at *3 (M.D. Fla. Feb. 25, 2021) ("The Motion to Dismiss is GRANTED as to **the portion of Count V** based on new and existing

customers filling new prescriptions at Benzer pharmacies. That **portion of Count V** is dismissed

with prejudice."); *Dunn-Fischer v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:10-cv-512-FTM, 2013

WL 3832449, at *5 (M.D. Fla. July 23, 2013) ("The motion to dismiss Count Three, to the extent

it seeks to assert a claim pursuant to the Section 504 regulations and/or an IDEA claim unrelated

to reimbursement is granted and these **portions of Count III** are dismissed without prejudice.")

(emphases added).

Likewise, federal courts throughout the United States also routinely dismiss portions of

legal claims/counts. *See, e.g.*, *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328,

1340 (Fed. Cir. 2020) ("As discussed below, we agree with ITCA, and find that the Court of

Federal Claims erred in dismissing the failure-to-maintain-sufficient-security portion of Claim I at

this stage of the proceedings. As to the **remainder of Claim I**, however, we agree with the Court

of Federal Claims that it should be dismissed."); *Robb v. United States*, 80 F.3d 884, 885-86 (4th

Cir. 1996) ("Plaintiff-Appellant . . . appeals from the district court's **dismissal of a portion** of his

Federal Tort Claims Act . . . claim against the United States. . . . The district court held that Drs.

Stroy and O'Hagan were independent contractors with, and not employees of, the United States.

Accordingly, it **dismissed this portion of Robb's claim** against the United States for lack of

subject matter jurisdiction. We agree with the conclusion of the district court and affirm."); *United

States v. Hajecate*, 683 F.2d 894, 902 (5th Cir. 1982) ("we uphold . . . **the dismissal of portions

of counts one and six through eleven** by the district court"); *Sakyi v. Nationstar Mortg., LLC*,

770 F. App'x 113, 114 (4th Cir. 2019) ("[T]he district court properly dismissed as time-barred **the

portion of Count 1** in which Sakyi claimed Defendants breached their obligation to adjust his

interest rate annually."); *Chemehuevi Indian Tribe v. United States*, 104 F.4th 1314, 1323 n.5 (Fed.

Cir. 2024) ("the trial court correctly **dismissed this portion of Count IV**"); *Bossetti v. Allergan*

*Sales, LLC*, No. 1:22-cv-523, 2023 WL 4030681, at *6 (S.D. Ohio June 15, 2023) ("Sixth Circuit precedent makes clear the Court can **dismiss a portion of count** where appropriate without dismissing the entire count. Accordingly, the Court . . . dismisses any portion of any remaining count that asserts liability based on arguments that Allergan should have designed Lexapro differently—whether pre- or post-approval.") (citing *O'Neill v. Louisville/Jefferson Cnty. Metro Gov't*, 662 F.3d 723, 735–36 (6th Cir. 2011)); *Hampton Univ. v. Accreditation Council for Pharmacy Educ.*, No. 4:20CV118 (RCY), 2021 WL 3566867, at *7 (E.D. Va. Aug. 12, 2021) (dismissing "**portions of Count IX**"); *Whaley v. United States*, No. CV 23-00457 LEK-KJM, 2024 WL 1331970, at *4 (D. Haw. Mar. 28, 2024) ("[T]he **portions of Counts I and II** alleging failure to warn are DISMISSED WITH PREJUDICE; and the **portion of Count II** alleging failure to remediate affected homes, and the portions of Counts I and II alleging failure to test are DISMISSED."); *Karabin v. Norwin Sch. Dist.*, No. 2:24-CV-00769-CCW, 2025 WL 964011, at *23 (W.D. Pa. Mar. 31, 2025) (dismissing portions of various counts); *Friddle v. Thomas*, No. CV-23-01072-PHX-DJH (ESW), 2024 U.S. Dist. LEXIS 100012, at *3-4 (D. Ariz. June 4, 2024) ("The Court also dismissed **portions of Count Two** for failure to state a claim."); *Chapman v. TD Bank N.A.*, No. CV 3:24-0536, 2025 WL 1287995, at *8 (S.D. W. Va. May 2, 2025) ("[T]he Court DISMISSES Counts II and III in their entirety and **the portion of Count I** that alleges violations under § 46A-2-127(e). The portion of Count I that alleges § 46A-2-127(a) violations may proceed."); *Fumich v. Novo Nordisk Inc.*, No. 3:24-cv-9158-ZNQ-JBD, 2025 WL 2399134, at *8 (D.N.J. Aug. 19, 2025) (dismissing portions of Counts One and Four); *Lovelien v. United States*, 422 F. Supp. 3d 341, 350-51 (D.D.C. 2019), *aff'd,* 853 F. App'x 676 (D.C. Cir. 2021) ("The Court will therefore dismiss . . . any **portion of Count One** that is based on conduct during the standoff. . . . the Court will dismiss the prosecution-related **portion of Count One** against

Sessions, Holder, and Lynch."); *Prysmian Cables & Sys. USA, LLC v. United States*, 756 F. Supp. 3d 1337, 1346 (Ct. Int'l Trade 2025) ("[T]he **portions of Count XV** not relating to the exclusion request denial on July 31, 2022, are also DISMISSED."); *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 461 (E.D. Va. 2015) ("[T]he **portions of Counts One and Two** that purport to assert that Sterling willfully violated § 1681b(b)(3) are dismissed."); *Zhejiang Hailiang Co. v. KME Ger. GmbH*, No. 1:23-cv-1606 (LMB/LRV), 2024 U.S. Dist. LEXIS 111179, at *38 (E.D. Va. June 24, 2024) ("those **portions of Counts I and III** relying on the doctrine of laches and the contractual limitations provision in the Share Asset Purchase Agreement; and the **portion of Count V** that involves the '531 registration be and are DISMISSED"); *Rahman v. Allstate Ins. Co.*, 644 F. Supp. 3d 231, 244 (E.D. La. 2022) ("The **portions of Counts 3 and 4** dealing with his Allstate book of business do not state a claim upon which relief can be granted.") (emphases added).

> ### B.     The Report's Reliance on *BBL, Inc. v. City of Angola* Is Misplaced

The Report relies chiefly upon *BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015), but that reliance is misplaced. Dkt. 85 at 6, 8. There, the parties and the district court had "split a single claim into multiple components based on the elements of the applicable constitutional test," and the district court had "granted the City's motion for judgment on the pleadings on certain elements of that single claim." *Id.* at 324-25. Specifically, the City had filed a "Rule 12(c) motion [that] asked for judgment on the pleadings on steps one and two [but not step three] in the *Renton/Alameda Books* analysis." *Id.* at 323. In dicta, the Seventh Circuit observed that the City's motion was "peculiar" in that it was directed at "*certain elements* of the doctrinal test applicable to the First Amendment claim," and noted that "the City's motion for judgment on the pleadings on *parts of* the First Amendment claim may have been improper." *Id.* at 323, 325 (emphasis in the original).

The Rule 12(c) motion the Seventh Circuit addressed in *BBL* is easily distinguishable from Citrix's Motion. In sharp contrast to the City of Angola's motion in *BBL*, where the City moved for judgment on the pleadings as to only certain elements of the doctrinal test applicable to a First Amendment claim, Citrix seeks here dismissal with prejudice of eight separate, individual patent claims. Unlike *BBL*, Citrix does not seek to dismiss "*certain elements* of the doctrinal test applicable" to each patent claim, but instead seeks dismissal with prejudice of each patent claim on the grounds that each claim is directed to patent-ineligible subject matter. *Id.*

The additional Seventh Circuit and district court cases cited in the Report are also readily distinguishable. Each case concerns dismissal of alternative theories supporting an otherwise viable claim, and at most, stands for the limited proposition that dismissal of a theory—as opposed to a claim—is inappropriate at the motion to dismiss stage. Dkt. 85 at 6-7 (citing *Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) (fraudulent concealment and fraudulent misrepresentation theories); *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (three agency theories); *Griffin v. Internal Revenue Serv.*, No. 22-24023-Civ, 2024 WL 2866657, at *1 (S.D. Fla. May 30, 2024) ("two alternative theories"); *Est. of Leach by & through Inglett v. Tallahassee Mem'l HealthCare, Inc.*, No. 4:18-CV-00369-MW-CAS, 2019 WL 13162433, at *3 (N.D. Fla. Feb. 6, 2019) ("dismissal of a theory"); *Winstead v. Lafayette Cnty. Bd. of Cnty. Commissioners*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016) ("dismissal of theories")). The Seventh Circuit and district court cases in the Report are inapposite, because Citrix seeks in its Motion to dismiss entire patent claims, not alternative theories upon which T5.2 may assert patent infringement (*e.g.*, a literal infringement theory or a theory of infringement under the doctrine of equivalents).

**C.**     **Courts Routinely Dismiss a Single Patent Claim, While Permitting Litigations to Proceed with Respect to Other Claims of the Same Patent**

The cases cited in the Report are also inapposite in the context of a patent infringement lawsuit. Although the plaintiff may recite infringement of each patent-in-suit as a separate legal claim/count, by statute, each claim of a patent is presumed valid independently of the validity of other claims, and "infringement and validity analyses must be performed on a claim-by-claim basis." *Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*, 389 F. Supp. 2d 1325, 1353 (S.D. Fla. 2004) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)); 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."); *see also Ernie Ball, Inc. v. Earvana, LLC*, 502 F. App'x 971, 976 (Fed. Cir. 2013) (patent validity and infringement "must be evaluated on a claim by claim basis").

Critically, because each claim of a patent stands on its own merits with respect to patent infringement and validity, courts ***routinely*** dismiss just a single patent claim, even while permitting a litigation to move forward with respect to other patent claims from the same patent. For example, in *Vanocur Refractories, LLC v. Fosbel, Inc.*, No. 1:23-cv-2162, 2025 WL 2444103 (N.D. Ohio Aug. 25, 2025), the court dismissed just one claim of a patent, while allowing another claim from that same patent to proceed. *Id.* at *9 ("Count One is dismissed only as to the dependent Claim 10 in the '853 patent. Count One remains as to the independent Claim 1 in the '853 patent."). Similarly, in *Puget Bioventures, LLC v. Biomet Orthopedics, LLC*, No. 3:17-CV-502 JD, 2018 WL 2933733 (N.D. Ind. June 11, 2018), the court dismissed direct infringement allegations for three claims of a patent, while permitting, *inter alia*, indirect infringement allegations for three other claims from that same patent to proceed. *Id.* at *13. In a parallel case, the court also dismissed

multiple claims of a patent, leaving two other claims from that same patent to proceed. *Puget Bioventures, LLC v. Biomet Orthopedics, LLC*, 325 F. Supp. 3d 899, 911 (N.D. Ind. 2018) (dismissing, *inter alia*, claims 1, 2, 5-13, 21-30, 32, 41-48 of the '541 patent, and noting that "[i]n sum, this case is now limited in scope to Puget's allegations that Biomet willfully induced and contributed to the infringement of claims 31 and 33 of the '541 patent"); *see also Cerebrum Sensor Techs., Inc. v. Revvo Techs., Inc.*, 1:24-cv-245-JLH-SRF, 2025 WL 72110, at *2 (D. Del. Jan. 10, 2025), *report and recommendation adopted,* 1:24-cv-245-JLH-SRF, 2025 WL 326647 (D. Del. Jan. 29, 2025) (dismissing "**the portions of Count III**" addressing pre-suit indirect and willful infringement of an asserted patent) (emphasis added).

Even more to the point, the dismissal of just a subset of asserted claims from a given patent is commonplace in the context of motions to dismiss for ineligible patent subject matter. For example, in *Glanta Ltd. v. Soapy Care Ltd.*, 762 F. Supp. 3d 406 (D. Del. 2025), the court granted the defendant's Rule 12(b)(6) motion as to two claims from a patent because the claims were directed to patent-ineligible subject matter but denied the same motion without prejudice as to all other claims of that same patent. *Id.* at 409 ("Defendants' motion is GRANTED as to claims 1 and 7 and DENIED without prejudice as all other claims."). As another example, in *XiDrone Sys., Inc. v. 911 Sec. Inc.*, No. 3:21-CV-2669-N, 2022 WL 4485825 (N.D. Tex. Sept. 27, 2022), the court dismissed claim 1 of a patent as directed to patent-ineligible subject matter but found other claims from that same patent to be directed to patent-eligible subject matter. *Id.* at *4 ("The Court denies 911's motion to dismiss with respect to claims 6, 8, 10, 11, 14, 16, 18, 19, 22, and 24, and otherwise grants the motion with respect to the remaining claims."). As yet another example, in *Uniloc USA, Inc. v. AVG Techs. USA, Inc.*, No. 2:16-CV-00393-RWS, 2017 WL 1154927 (E.D. Tex. Mar. 28, 2017), *aff'd sub nom. Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890 (Fed. Cir. 2019), the court

granted the defendant's motion to dismiss as to "claims 1, 2 and 7 of the '466 Patent and claims 1

and 3 of the '766 Patent" due to patent-ineligibility, but denied "without prejudice as to claims 15

and 22 of the '466 Patent and claims 7, 9, 13 and 15 of the '766 Patent." *Id.* at *4, *10.

       Finally, because it is entirely proper—and, indeed, routine—to dismiss only a subset of

asserted claims from a patent, the Court need not reach the issue of representativeness to dispose

of the eight patent claims directly challenged in Citrix's Motion.[4] For example, in *Corrigent Corp.*

*v. Dell Techs., Inc.*, No. 22-496-RGA, 2023 U.S. Dist. LEXIS 36242 (D. Del. Mar. 3, 2023), the

court granted a Rule 12(b)(6) motion as to a single patent claim under § 101, while abstaining from

deciding whether that claim was representative of other claims in the patent. *Id.* at *3 ("I agree

with Defendants that [claim 16 of the '485 patent] is patent-ineligible. . . . I do not think, however,

that Claim 16 is necessarily representative of every claim of the patent. . . . Claim 16 of the '485

patent is DISMISSED with prejudice."). Similarly, in *Blix Inc. v. Apple, Inc.*, No. CV 19-1869-

LPS, 2020 WL 7027494 (D. Del. Nov. 30, 2020), the court dismissed a single claim of a patent

under § 101 but declined to decide the issue of representativeness as to other claims of that same

patent. *Id.* at *4–8 ("Apple and Blix dispute whether claim 17 is representative, and (particularly

given the parties' briefing) the Court is not in a position to conclude at this stage of the proceedings

that all of the remaining claim limitations lack distinctive significance. . . . For now, the Court's

ruling today applies only to claim 17. . . . The dismissal of the patent infringement claim with

respect to claim 17 of the '284 patent will be with prejudice."). As another example, in *Uniloc*

*2017 LLC v. Netflix, Inc.*, No. SACV 18-2055-GW-DFMX, 2019 WL 3291581 (C.D. Cal. May

14, 2019), the court dismissed two claims of a patent under § 101, while "declin[ing] to treat [those

---

[4] Citrix is available to provide additional briefing on the issue of whether the eight claims explicitly identified in its Motion are representative of all 161 currently-asserted claims to the extent the Court finds that such briefing would be helpful.

two claims] as representative of the other claims of [that] Patent for purposes of Defendants'
motion to dismiss." *Id.* at *6 ("The Court would thus GRANT Defendants' motions only as to
Claims 1 and 41 of the '005 Patent. Defendants' motions as to the other claims of the '005 Patent
would be DENIED."). Likewise, in *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No.
2:17-CV-00661-JRG, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018), the court granted a motion
to dismiss as to one claim of a patent under § 101, despite rejecting the defendants'
representativeness arguments. No. 2:17-CV-00661-JRG, 2018 WL 6804804, at *9 (E.D. Tex. Sept.
24, 2018) ("The Court finds that Claim 25 of the '330 Patent is directed to an abstract concept
under *Alice* Step One and does not contain an inventive concept under *Alice* Step Two.
Accordingly, the Court GRANTS the Motion as to Claim 25 of the '330 Patent. . . . Further, the
Court is not persuaded that [this] specific claim[] [is] representative of the otherwise named claims
as Defendants assert. Thus, the holding of this opinion that Claim 25 of the '330 Patent is directed
to ineligible subject matter does not impact or affect any of the other asserted claims herein, other
than said Claim 25 in isolation."); *see also, e.g.*, *BlackBerry Ltd. v. Facebook, Inc.*, No. CV 18-
1844 GW(KSX), 2018 WL 4847053, at *11 (C.D. Cal. Aug. 21, 2018) (granting Rule 12(b)(6)
motion "with prejudice with respect to Claims 1, 5, and 9 of the '713 Patent" for patent ineligibility,
and denying "without prejudice as to the remaining claims of the '713 Patent" due to defendant's
"fail[ure] to meet its burden of proving patent ineligibility of the dependent claims of the '713
Patent"); *Uniloc USA, Inc. v. E-MDS, Inc.*, No. 6:14-cv-00625-RWS, 2015 WL 10791906, at *7
(E.D. Tex. Aug. 19, 2015) ("Claim 1 of the '526 Patent and claim 6 of the '451 Patent are directed
to ineligible subject matter and are therefore invalid, and the Motion is GRANTED as to those
claims. The Motion is DENIED as to the remaining patent claims [of the '526 and '451 Patents].
Defendants may re-raise § 101 arguments with respect to the remaining claims after claim

construction . . .").

## V.    CONCLUSION

The Report is premised on two assumptions that are contrary to law: first, that a court may not dismiss part of a legal claim/count; and second, that in the context of patent infringement lawsuits, only an entire patent, not just one patent claim, can constitute a legal claim/count. Courts in this District and throughout the country routinely dismiss parts of a legal claim/count in civil litigation. And courts throughout the country routinely dismiss only one claim of a patent while permitting litigation to proceed with respect to other claims of that same patent. For these reasons, and for all the reasons set forth herein, Citrix respectfully requests that the Court sustain Citrix's objections to the Report and grant Citrix's Motion to Dismiss with respect to the eight patent claims addressed in the Motion (Dkt. 45). In addition, or in the alternative, Citrix respectfully requests that the Court (i) order Citrix to provide additional briefing regarding whether the eight claims addressed in Citrix's Motion are representative of all 161 asserted claims such that the Court is in a position to decide patent subject matter eligibility issues with respect to all 161 asserted claims; and/or, (ii) refer Citrix's Motion back to the Magistrate Judge to substantively address the patent subject matter-eligibility issues in Citrix's Motion.

Dated: October 14, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson, Esq.
Florida Bar Number: 423025
ardith.bronson@us.dlapiper.com
Jose M. Espinosa, Esq.
Florida Bar Number: 1030890
jose.espinosa@us.dlaiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8562

Michael Strapp, Esq.
Admitted *pro hac vice*
michael.strapp@us.dlapiper.com
Safraz Ishmael, Esq.
Admitted *pro hac vice*
safraz.ishmael@us.dlapiper.com
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6031

Ankur Desai, Esq.
Admitted *pro hac vice*
ankur.desai@us.dlapiper.com
DLA Piper LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4716

Nandan Padmanabhan, Esq.
Admitted *pro hac vice*
nandan.padmanabhan@us.dlapiper.com
DLA Piper LLP (US)
2000 Avenue of the Starts
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3082

Mary Dahl, Esq.
mary.dahl@us.dlapiper.com
Admitted *pro hac vice*
DLA Piper LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000

*Counsel for Defendant Citrix System, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2025, I electronically filed the foregoing document via

CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

*/s/ Ardith Bronson*
Ardith Bronson, Esq.
