UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**Case No. 24-cv-62093-EA-PAB**

T5.2 LTD.,

     Plaintiff,

v.

CITRIX SYSTEMS, INC.

     Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 29, 2025**

## <u>TABLE OF CONTENTS</u>

SUMMARY OF THE ARGUMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 5

ARGUMENT ........................................................................................................................ 6

      I. This Court Should Adopt the Magistrate Judge's Finding That Citrix's Rule 12(b)(6) Motion Improperly Seeks Piecemeal Dismissal of Parts of Each Cause of Action. ............................................................................................................................ 6

             A.      Citrix's Objection Is Improper and Should Be Overruled. ......................... 6

                    1.      The Court Needs to Review Only for "Clear Error" Because Citrix's Objection Rehashes Arguments Rejected by the Magistrate Judge. ...........................................................................7

                    2.      Citrix's Objection Improperly Relies on New Argument That Was Not Presented to the Magistrate Judge. ...................................7

             B.      The Magistrate Judge Correctly Found That Fed. R. Civ. P. 12(b)(6) Does Not Allow Piecemeal Dismissals of Parts of a Cause of Action........ 8

             C.      Citrix Fails to Distinguish *BBL v. City of Angola* and Other Authorities Cited by the Magistrate Judge....................................................................... 13

             D.      The Magistrate Judge Correctly Found That Each Count in the Amended Complaint Raises a Cause of Action for Infringement of Each Asserted Patent, Not Separate Causes of Action for Infringement of Each Patent Claim. ............................................................................... 14

      II.      Citrix's Request to Submit Additional Briefing Regarding Claim Representativeness Is Improper and Should Be Denied. ...................................... 16

      III.     This Court May Deny Citrix's Motion on Other Procedural and Substantive Grounds.......................................................................................................... 17

                    1.      This Court May Deny Citrix's Motion on Efficiency Grounds. ....17

                    2.      Factual Disputes Require Denial of Citrix's Motion. ...................18

                      3.      Citrix Ignores the Federal Circuit's Primary Tests Under *Alice* Steps 1 & 2.................................................................................18

CONCLUSION....................................................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*Aatrix Software v. Green Shades Software,*
  882 F.3d 1121 (Fed. Cir. 2018) ............................................... 18

*Abraham P. v. Los Angeles Unified Sch. Dist.,*
  No. 17-cv-3105, 2017 WL 4839071,n.7 (C.D. Cal. Oct. 5, 2017) ............................................... 9

*Air Dynamics Indus. Sys. v. Lehman,*
  No. 19-cv-2073, 2020 WL 6544966 (M.D. Pa. Nov. 6, 2020) ............................................... 11

*BBL v. City of Angola,*
  809 F.3d 317 (7th Cir. 2015) ............................................... 8, 10, 13

*Beckman Coulter v. Sysmex Am.,*
  No. 17-cv-24049, 2018 WL 4901407 (S.D. Fla. Sept. 26, 2018) ............................................... 11

*Bilek v. Fed. Ins. Co.,*
  8 F.4th 581 (7th Cir. 2021) ............................................... 8

*Blue Chip Alliance v. Chetu,*
  No. 22-cv-61602, 2024 WL 4248873 (S.D. Fla. Sept. 20, 2024) ............................................... 6, 8, 17

*Bossetti v. Allergan Sales,*
  No. 22-cv-523, 2023 WL 4030681 (S.D. Ohio June 15, 2023) ............................................... 12

*Continental Circuits v. Intel,*
  No. 16-cv-2026, 2017 WL 679116 (D. Nev. Feb 21, 2017) ............................................... 11

*Cooperative Entertainment v. Kollective Tech.,*
  50 F.4th 127 (Fed. Cir. 2022) ............................................... 19

*CXT Sys. v. Academy,*
  No. 2:18-cv-171, 2019 WL 1237148 (E.D. Tex. Mar. 12, 2019) ............................................... 11, 13, 14, 16

*Dean v. United States,*
  556 U.S. 568 (2009) ............................................... 10, 15

*Disc Disease Sols. v. VGH,*
  Sols., 888 F.3d 1256 (Fed. Cir. 2018) ............................................... 4, 11

*Est. of Leach by & through Inglett v. Tallahassee Mem'l HealthCare, Inc.,*
  No. 18-cv-00369, 2019 WL 13162433 (N.D. Fla. Feb. 6, 2019) ............................................... 8

*Federal Trade Comm'n v. Facebook,*
  581 F. Supp.3d 34 (D.D.C. 2022) ............................................... 9

*Federal Trade Comm'n v. Nudge*,
   430 F. Supp.3d 1230 (D. Utah 2019) ....................................................................... 9

*Ferguson v. CBD American Shaman*,
   No. 25-cv-28, 2025 WL 1379576 (W.D. Mo. May 12, 2025) .................................. 8

*Franklin v. Midwest Recovery Sys.*,
   No. 18-cv-2085, 2020 WL 3213676 (C.D. Cal. Mar. 9, 2020) ................................. 9

*Griffin v. Internal Revenue Svc.*,
   No. 22-cv-24023, 2024 WL 2866657 (S.D. Fla. June 6, 2024) ................................ 8

*In re Genentech*,
   348 F.R.D. 100 (N.D. Okla. 2024) ........................................................................... 8

*Janis v. Nelson*,
   No. 09-5019, 2009 WL 4505935 (D. S.D. Nov. 24, 2009) ....................................... 9

*Kearns v. General Motors Corp.*,
   94 F.3d 1553 (Fed. Cir. 1996) ............................................................................... 15

*Keaton v. U.S.*,
   No. 14-cv-21230, 2015 WL 12780912 (S.D. Fla. May 4, 2015) ....................... 5, 6, 7

*Koepplinger v. Seterus*,
   No. 17-cv-995, 2018 WL 4055268,n.3 (M.D.N.C. Aug. 24, 2018) ........................... 9

*Kruger v. Lely N. Am.*,
   518 F. Supp.3d 1281 (D. Minn. 2021) ...................................................................... 9

*Lawson v. Weinrich*,
   No. 24-cv-14022, 2024 WL 2812209,n.4 (S.D. Fla. June 3, 2024) ......................... 6

*Lodge v. Kondaur Capital*,
   750 F.3d 1263 (11th Cir. 2014) ............................................................................... 6

*Lopez v. Berryhill*,
   No. 17-cv-24263, 2019 WL 2254704 (S.D. Fla. Feb. 26, 2019) .............................. 6

*Marlite, Inc. v. Eckenrod*,
   No. 10-23641-CIV, 2012 WL 3614212 (S.D. Fla. Aug. 21, 2012) ........................... 5

*Marsden v. Moore*,
   847 F.2d 1536 (11th Cir. 1988) ............................................................................... 5

*McKenzie-Morris v. VP Records Retail Outlet*,
   No. 22-cv-1138, 2023 WL 5211054 (S.D.N.Y. Aug. 13, 2023) ......................... 9, 10

*McNely v. Ocala Star-Banner*,
   99 F.3d 1068 (11th Cir. 1996) ........................................................................................ 13

*Melillo v. United States*,
   No. 17-CV-80489, 2018 WL 4258355 (S.D. Fla. Sept. 6, 2018) ...................................... 5

*Merritt v. Dillard Paper*,
   120 F.3d 1181 (11th Cir. 1997) .............................................................................. 10, 13

*Mirror Imaging v. PNC Bank*,
   No. 21-cv-518, 2022 WL 229363 (W.D. Tex. Jan. 26, 2022) ........................................ 18

*Mobile Acuity v. Blippar*,
   110 F.4th 1280 (Fed. Cir. 2024) .................................................................................... 17

*Munro v. Fairchild Tropical Botanic Garden, Inc.*,
   No. 20-20079-CIV, 2021 WL 894380 ......................................................................... 9, 10

*Omnia Medical v. PainTEQ*,
   No. 22-cv-145, 2022 WL 3139241 (M.D. Fla. Aug. 5, 2022) ......................................... 15

*O'Neill v. Louisville/Jefferson Cty. Metro Gov't*,
   662 F.3d 723 (6th Cir. 2011) ......................................................................................... 12

*Optis Cellular Tech. v. Apple*,
   139 F.4th 1363 (Fed. Cir. 2025) .................................................................................... 15

*Redwind v. Western Union*,
   No. 18-cv-2094, 2019 WL 3069864 (D. Or. June 21, 2019) ........................................... 9

*Rideshare v. Lyft*,
   No. 20-cv-1629, (D. Del. Sept. 30, 2021) ........................................................... 10, 14, 16

*Russello v. United States*,
   464 U.S. 16 (1983) ......................................................................................................... 10

*Senju Pharm v. Apotex*,
   746 F.3d 1344 (Fed. Cir. 2014) ..................................................................................... 15

*Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*,
   136 F.4th 718 (7th Cir. 2025) .......................................................................................... 8

*Swenson v. Falmouth Public Schools*,
   No. 19-cv-210, 2019 WL 4739667 (D. Me. Sept. 27, 2019) ........................................... 9

*Tahbaz v. Vigilant Ins.*,
   778 F. Supp.3d 480 (D. Conn. 2025) ............................................................................... 8

iv

*Trackthings v. Netgear,*
No. 22-cv-981, 2023 WL 4926184 (D. Del. Aug. 2, 2021) .................................. 10, 11, 14, 16

*Uniloc USA v. LG Electronics USA,*
957 F.3d 1303 (Fed. Cir. 2020) ........................................................................................ 19

*United States ex rel Sedona Ptrs. v. Able Moving &* Storage,
146 F.4th 1032 (11th Cir. 2025) ................................................................................. 10, 13

*United States v. Hajecate,*
683 F.3d 894 (5th Cir. 1982) ............................................................................................ 12

*United States v. Raddatz,*
447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) .................................................. 5

*United States v. Schultz,*
565 F.3d 1353 (11th Cir. 2009) .......................................................................................... 5

*UPF Innovations v. Athena Group,*
No. 18-cv-37, 2018 WL 7360631 (N.D. Fla. June 29, 2018) ........................................... 15

*Valido v. Kijakazi,*
No. 1:21-cv-20939, 2022 WL 4462069 .............................................................................. 5

*Williams v. McNeil,*
557 F.3d 1287 (11th Cir. 2009) ...................................................................................... 5, 6

*Winstead v. Lafayette Cty.,*
197 F. Supp.3d 1334 (N.D. Fla. 2016) ............................................................................... 8

## SUMMARY OF THE ARGUMENT

As Magistrate Judge Strauss found in his Report and Recommendation, T5.2's Amended Complaint ("AC") asserts eight Counts for patent infringement—one Count per asserted patent—consisting of a total of 161 asserted patent claims.  Magistrate Judge Strauss further found that the AC follows the Federal Circuit's approved procedure for providing fair notice of infringement of each patent and the 161 asserted patent claims by identifying one infringed patent claim from each asserted patent, expressly stating that infringement of that patent is not limited to the identified patent claim, and attaching the patents-in-suit, which state the 161 asserted patent claims in full. Citrix's Motion to Dismiss ("Motion") under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") admits that "T5.2 asserts eight *patents* . . . in this action" and requests the Court to "dismiss with prejudice T5.2's *complaint alleging that Citrix infringes the patents-in-suit.*" contending eight (8) of the 161 asserted patent claims purportedly claim ineligible subject matter under 35 U.S.C. § 101. Citrix admits that its Motion does not "address [the 153] patent claims beyond the eight identified in its Motion" or "contend that one particular claim is representative of any other." Further, Citrix has *never* argued that T5.2 was required to identify all 161 asserted patent claims in the body of the AC. The Magistrate Judge recommended denial of the Motion because it seeks piecemeal dismissals of only *a part* (i.e. just one patent claim) of each Count for patent infringement (i.e. each asserted patent) in violation of Rule 12(b)(6).

Citrix objects to the Report and Recommendation, contending (1) Rule 12(b)(6) does not prohibit piecemeal dismissals of parts of a cause of action; (2) each of the AC's Counts for patent infringement assert separate causes of action for infringement of each patent claim; and (3) alternatively, the Court should allow Citrix additional briefing to address claim representativeness. Citrix's contentions fail.  This Court should overrule Citrix's Objection and adopt the Report and Recommendation on any of the following grounds:

- Citrix's Objection is procedurally defective because it either (1) rehashes arguments previously made to, and considered and rejected by, the Magistrate Judge; or (2) raises new arguments that were not presented to the Magistrate Judge;

- As held by Courts this District, other district courts in Florida, the Seventh Circuit, and district courts across the nation, a motion to dismiss under Rule 12(b)(6) does not permit piecemeal dismissals of *parts* of a cause of action, including individual claims of a patent underlying a cause of action for patent infringement, and Citrix admits that its Motion does not "address [the 153] patent claims beyond the eight identified in its Motion" or "contend that one particular claim is representative of any other";

- Each Count in the AC raises a cause of action for infringement of each asserted patent as a whole, not separate causes of action for infringement of each patent claim;

- Citrix's request to submit additional briefing regarding claim representativeness is procedurally defective and has been waived;

- This Court may deny Citrix's Motion on numerous grounds in addition to the ground relied upon by the Magistrate Judge.

## BACKGROUND

T5.2 filed its Amended Complaint ("AC") on February 5, 2025, asserting eight separate Counts for infringement of eight asserted patents under 35 U.S.C. § 271 and attaching the patents-in-suit, which state in full the 161 patent claims asserted by T5.2. AC ¶¶ 101-209, Exs. 1- 8. Each Count is titled "Count [#]—Infringement of U.S. Patent No. [#,###,###]," AC at 30, 35, 39, 43, 47, 50, 54, 59, and alleges that Citrix infringes "*one or more claims* of the [patent asserted in the Count], including *but not limited to* at least" the identified patent claim from the patent asserted. AC ¶¶ 105, 121, 134, 147, 160, 173, 187, 200. This approach follows the procedure approved by the Federal Circuit for stating a claim for infringement of a patent with multiple infringed claims. *See* Argument, Part I.B. & n.1. Here, each of the eight asserted patents includes 10 or more patent claims. AC, Exs. 1-8. The AC further states "Defendant . . . has infringed *the Patents*, actively induced others to infringe *the Patents*, and contributed to the infringement of *the Patents* . . . ." AC ¶ 79 (emphasis added); *accord* ¶¶ 80, 81, 97, 99. In addition, the AC alleged that "Defendant learned of the Patents and its infringement of *the Patents*" and "knew or was wilfully blind to the fact that its products infringed *the Patents*." AC ¶¶ 48, 50 (emphasis added).

On March 3, 2025, Citrix filed its Motion, asserting the claims of the patents-in-suit are not patent eligible under 35 U.S.C. § 101. Doc. 45. Citrix's Motion acknowledges that each Count of the AC asserts a cause of action for infringement of an asserted patent (i.e., a "patent-in-suit"), not separate causes of action for infringement of each identified patent claim, stating "T5.2 asserts eight *patents* . . . in this action" and requesting the Court to "dismiss with prejudice T5.2's *complaint alleging that Citrix infringes the patents-in-suit*." *Id*. at 2 & n.1 (identifying the asserted patents as the "*patents-in-suit*"; "The *patents-in-suit* concern . . ."; "The *patents-in-suit* identify two 'technical problems . . .'") ; at 10 ("The '147 patent was the first of the *patents-in-suit* to be filed . . ."); at 11 ("issuance of the *patents-in-suit*"); ("alleging infringement by Microsoft of the same *patents-in-suit asserted here*"); at 16 ("common specification of the *patents-in-suit*"); at 18 ("The *patents-in-suit* identify 'compression assistance data . . .'"); at 25.[1]

On March 28, 2025, T5.2 filed its response to the Motion, arguing, among other things, that Citrix's request for the Court to "dismiss with prejudice T5.2's *complaint alleging that Citrix infringes the patents-in-suit*" must be denied, because Citrix failed to prove that the eight patent claims identified in its Motion represent the other 153 patent claims attached to the AC and asserted in Counts I – VIII. Doc. 52 at 9-11.

Citrix filed its Reply on April 4, 2025, stating unequivocally that its Motion "moved to dismiss only eight [patent] claims," and does not "address [the 153] patent claims beyond the eight identified in its Motion" or "contend that one particular claim is representative of any other." Doc. 53 at 1, 4.

---

[1] In addition, the Motion identifies a prior suit—in which counsel for Citrix represented the defendant Microsoft—"alleging infringement by Microsoft of the same *patents-in-suit asserted here*." *Id* at 12; *see also* Docs. 52 at 21 & n.6, 52-6. As acknowledged in that suit by counsel for Microsoft (and for Citrix in this matter) before the service of infringement contentions, the case against Microsoft involved over 170 asserted patent claims. No. 6:21-cv-462, Doc. 19 at 2. Nonetheless, Citrix's Motion referred to only eight (8) of the 161 patent claims asserted in the AC.  Doc. 45 at 3-10.

On April 13, 2025, T5.2 filed a motion for leave to file sur-reply to respond to Citrix's revelation that "Citrix is only seeking dismissal of eight of T5.2's 161 asserted patent claims," among other new arguments. Doc. 57 at 2. The attached Sur-reply argued that the Motion seeks piecemeal dismissals of only *a part* of each Count for patent infringement (i.e., just one patent claim of each asserted patent) in violation of Rule 12(b)(6) because the Motion does not "address [the 153] patent claims beyond the eight identified in its Motion" or "contend that one particular claim is representative of any other." Doc. 56-2.  Citrix filed its response to the motion for leave on April 22, 2025, arguing that Rule 12(b)(6) does not prohibit dismissal of only part of a cause of action. Doc. 60 at 3-5. Citrix also acknowledged that each Count for patent infringement in the AC used the term "at least" when referring to multiple patent claims (according to the procedure approved by the Federal Circuit). *Id*. at 2.  Citrix has *never* argued "that T5.2 was required to identify all 161 claims in the Amended Complaint (or at any time prior to March 25, 2025, the date on which T5.2 served its Preliminary Infringement Contentions)." Doc. 85 at 5 n.3. T5.2 filed its reply on April 28, 2025.  Doc. 69.

On May 23, 2025, the Court referred Citrix's Motion to the Magistrate Judge. Doc. 76.  On September 29, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Citrix's Motion. The Magistrate Judge found that the Motion, even "if successful, would only result in a partial dismissal of each count in the Amended Complaint [in violation of Rule 12(b)(6)].  In other words, a dismissal limited to the eight Patent claims addressed in the [Motion] would not result in the dismissal of a single cause of action [for infringement of each asserted patent] alleged in the Amended Complaint."  Doc. 85. Citrix's Objection purports to challenge this finding.  The Magistrate Judge also held "allegations that an accused product meets 'each and every element of at least one claim of' a particular patent are sufficient to provide 'fair notice of infringement of the asserted *patent* []," Doc. 85 at 5 n.3 (citing *Disc Disease Sols. v. VGH*

*Sols.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), which Citrix's Objection does not challenge.

## LEGAL STANDARD

A district court has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009). Under 28 U.S.C. § 636(b)(1), the Court reviews any portion of a report and recommendation that is the subject of a *proper objection* on a de novo basis and any portion to which there is no objection under a "clearly erroneous" standard. *E.g., Williams*, 557 F.3d at 1291; *Valido v. Kijakazi*, No. 1:21-cv-20939, 2022 WL 4462069, at *3-4; *Keaton v. U.S.*, No. 14-cv-21230, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).  A party challenging a magistrate judge's report and recommendation must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered . . . ."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge or simply disagree with the magistrate judge's conclusions. *Valido*, 2022 WL 4462069, at *3 (citing *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018)). It is improper to submit an objection that is "'*nothing more than a rehashing of the same arguments and positions taken in the original papers* submitted to the Magistrate Judge,' as the 'parties are not to be afforded a "second bite at the apple" when they file objections to a [report and recommendation].'" *Sully v. Scottsdale Ins. Co.*, No. 23-cv-61967, at *3 (S.D. Fla. Apr. 29, 2024) (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)) (emphasis added). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation." *Keaton*, 2015 WL 12780912, at \*1; *accord Lopez v. Berryhill*, No. 17-cv-24263, 2019 WL 2254704, at \*2 (S.D. Fla. Feb. 26, 2019).

Further, a district court is not required to consider arguments that were not previously presented to the magistrate judge. *Lawson v. Weinrich*, No. 24-cv-14022, 2024 WL 2812209, at \*2 n.4 (S.D. Fla. June 3, 2024) (citing *Lodge v. Kondaur Capital*, 750 F.3d 1263, 1274 (11th Cir. 2014) and *Williams*, 557 F.3d at 1292). "Indeed, [r]equiring the district court to consider new arguments raised in the objections *effectively would eliminate efficiencies* gained through the Magistrates Act and would *unfairly benefit litigants who could change their tactics* after issuance of the magistrate judge's report and recommendation." *Blue Chip Alliance v.* Chetu, No. 22-cv-61602, 2024 WL 4248873, at \*2 (S.D. Fla. Sept. 20, 2024) (quoting *Williams*, 557 F.3d at 1291); *accord Lawson*, 2024 WL 2812209, at \*2 n.4; *Disler v. Royal Caribbean Cruise*, No. 17-cv-23874, at \*1 n.1 (S.D. Fla. Mar. 15, 2019).

## ARGUMENT

### I.   This Court Should Adopt the Magistrate Judge's Finding That Citrix's Rule 12(b)(6) Motion Improperly Seeks Piecemeal Dismissal of Parts of Each Cause of Action.

Citrix objects to the Report and Recommendation by claiming the Magistrate Judge incorrectly determined that (i) Fed. R. Civ. P. 12(b)(6) does not permit piecemeal dismissals of parts of a cause of action and (ii) T5.2's AC asserts individual causes of action for infringement of each asserted patent, not 161 separate causes of action for infringement of each of the claims of the patents. Citrix's claims are both procedurally defective and contrary to law and should be rejected.

### A.   Citrix's Objection Is Improper and Should Be Overruled.

Citrix's objections are improper because they rely on (1) a rehashing of arguments already made to, and considered and rejected by, the Magistrate Judge; and (2) new arguments that were

not previously presented to the Magistrate Judge.

        1.   <u>The Court Needs to Review Only for "Clear Error" Because Citrix's Objection Rehashes Arguments Rejected by the Magistrate Judge.</u>

The primary legal argument in Citrix's Objection is that Rule 12(b)(6)'s prohibition against piecemeal dismissal of parts of a cause of action merely prevents dismissal of <u>*elements*</u> or alternative <u>*theories*</u> underlying a cause of action, not parts of the cause of action. Doc. 90 at 8-9. This argument is identical to the argument made to, and considered and rejected by, the Magistrate Judge. Before the Magistrate Judge, Citrix argued "[t]he cases relied upon by T5.2 [including the Seventh Circuit's decision in *BBL v. City of Angola*] state an entirely different proposition—that piecemeal *theories* may not be the subject of a 12(b)(6) motion." Doc. 60 at 4. The Magistrate Judge rejected this argument, finding, among other things, "Citrix's piecemeal theory distinction is not a material distinction. After all, a party will be liable for infringing a patent if its product infringes at least one claim of the patent." Doc. 85 at 7-8. The Magistrate Judge also noted that "the Seventh Circuit decision [*BBL v. City of Angola*] . . . was one where the district court had granted judgment on the pleadings only on certain <u>*elements*</u> of a claim." *Id*. at 8 (emphasis added). As a result, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton*, 2015 WL 12780912, at *1. As shown by the Report and Recommendation, no clear error exists because the Magistrate Judge carefully considered the pleadings, the parties' arguments, and the applicable statutes and case law. Doc. 85.

        2.   <u>Citrix's Objection Improperly Relies on New Argument That Was Not Presented to the Magistrate Judge.</u>

Although Citrix's Objection acknowledges that a plaintiff "may recite infringement of <u>*each patent-in-suit*</u> as a separate legal claim/count, by statute," it implies that Rule 12(b)(6)'s prohibition against piecemeal dismissal of parts of a cause of action does not apply to causes of action for patent infringement because each claim of a patent may form the basis of liability. Doc. 90 at 10. Although this argument fails on substantive grounds as noted below, the Court should decline to

consider it at the outset because Citrix chose not to present it to the Magistrate Judge, *see* Docs. 45, 53 & 60, relying instead on other arguments that the Magistrate Judge rejected. Doc 85 at 7-8. Permitting Citrix to raise this argument now "would eliminate efficiencies gained through the Magistrates Act" and allow Citrix an unfair benefit by "chang[ing] [its] tactics after issuance of the magistrate judge's report and recommendation." *Blue Chip Alliance*, 2024 WL 4248873, at *2.

Accordingly, this Court should overrule Citrix's Objection and adopt the Report and Recommendation.

## B. The Magistrate Judge Correctly Found That Fed. R. Civ. P. 12(b)(6) Does Not Allow Piecemeal Dismissals of Parts of a Cause of Action.

As held by Courts in this District, courts in other districts in Florida, the Seventh Circuit, district courts across the nation, and Magistrate Judge Strauss, "'[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims.'" *Griffin v. Internal Revenue Svc.*, No. 22-cv-24023, 2024 WL 2866657, at *1 (S.D. Fla. June 6, 2024) (quoting *BBL v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)); *accord Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025); *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021); *Est. of Leach by & through Inglett v. Tallahassee Mem'l HealthCare, Inc.*, No. 18-cv-00369, 2019 WL 13162433, at *3 (N.D. Fla. Feb. 6, 2019); *Winstead v. Lafayette Cty.*, 197 F. Supp.3d 1334, 1341 (N.D. Fla. 2016) ("Because the Board has moved to dismiss part of a claim, rather than an entire 'claim for relief,' this Court will not dismiss Count I."); *Tahbaz v. Vigilant Ins.*, 778 F. Supp.3d 480, 492 n.5 (D. Conn. 2025); *Ferguson v. CBD American Shaman,* No. 25-cv-28, 2025 WL 1379576, at *4 (W.D. Mo. May 12, 2025) ("[T]he Court denies Defendants' request to dismiss any of those claims in part . . . ."); *In re Genentech*, 348 F.R.D. 100, 102 (N.D. Okla. 2024) ("[A] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of _parts_ of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."); *McKenzie-Morris v. VP Records Retail Outlet,* No. 22-cv-1138, 2023

WL 5211054, at *7 (S.D.N.Y. Aug. 13, 2023) ("Because  . . . [plaintiff's] new contract-breach allegations constitute part of a claim rather than a standalone claim, the Court will not dismiss those allegations."); *Federal Trade Comm'n v. Facebook*, 581 F. Supp.3d 34, 60 (D.D.C. 2022); *Kruger v. Lely N. Am.*, 518 F. Supp.3d 1281, 1292 (D. Minn. 2021) ("On a Rule 12(b)(6) motion, the Court may only dismiss a claim, not part of a claim."); *Franklin v. Midwest Recovery Sys.*, No. 18-cv-2085, 2020 WL 3213676, at *1 (C.D. Cal. Mar. 9, 2020) ("Federal Rule of Civil Procedure 12(b)(6) does not provide a mechanism for dismissing only a portion of a claim."); *Federal Trade Comm'n v. Nudge*, 430 F. Supp.3d 1230, 1246 (D. Utah 2019) ("[P]arties may not use rule 12(b)(6) to dismiss only parts of a claim."); *Swenson v. Falmouth Public* Schools, No. 19-cv-210, 2019 WL 4739667, at *5 (D. Me. Sept. 27, 2019); *Redwind v. Western Union*, No. 18-cv-2094, 2019 WL 3069864, at *4 (D. Or. June 21, 2019) ("[C]ourts may not dismiss only some of the claim's allegations if the claim otherwise survives."); *Koepplinger v. Seterus*, No. 17-cv-995, 2018 WL 4055268, at *4 n.3 (M.D.N.C. Aug. 24, 2018) ("[U]nlike Rule 56, for example—[Rule] 12(b)(6) speaks of a motion to dismiss 'a claim,' not part of a claim.  If the [asserted defense] does not get rid of the entire claim, then it cannot be dismissed.") (quoting *Abraham P. v. Los Angeles Unified Sch. Dist.*, No. 17-cv-3105, 2017 WL 4839071, at *6 n.7 (C.D. Cal. Oct. 5, 2017) (internal quotations omitted)); *Janis v. Nelson*, No. 09-5019, 2009 WL 4505935, at *7 (D. S.D. Nov. 24, 2009) ("[A] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety."); *see also Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 894380, at*2 (S.D. Fla. Mar. 3, 2021); Wright & Miller*, 5B Fed. Prac. & Proc. Civ. §1358 (4th ed.) ("[A] Rule 12(b)(6) motion may not be used to dismiss only part of a claim."); Doc. 85 at 6-8*.

The difference between the language of Rule 12(b)(6) governing a motion to dismiss and Rule 56 governing motions for summary judgment compels this conclusion.  *See, e.g., BBL v. City*

*of Angola*, 809 F.3d 317, 325; *McKenzie-Morris,* 2023 WL 5211054, at *7 n.6; *see also Munro,* 2021 WL 894380 at*2. Although Rule 56 expressly allows judgment on "part of [a] claim or defense," such language is absent from Rule 12(b)(6). Fed. R. Civ. P. 56(a) & 12(b)(6). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Dean v. United States*, 556 U.S. 568, 573 (2009) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).  Citrix's arguments to the contrary would require the Court to improperly read Rule 56's "part of [a] claim or defense" into Rule 12(b)(6). *United States ex rel Sedona Ptrs. v. Able Moving &* Storage, 146 F.4th 1032, 1042 (11th Cir. 2025) (""[W]e will not read into the rule language that does not appear there."); *Merritt v. Dillard Paper*, 120 F.3d 1181, 1187 (11th Cir. 1997) ("Courts have no authority to alter statutory language.").

Courts apply this rule to reject attempts to dismiss a single patent claim from a cause of action for patent infringement based upon assertions of patent ineligibility. For example, in *Rideshare v. Lyft*, No. 20-cv-1629, 2021 WL 4477242 (D. Del. Sept. 30, 2021), the complaint asserted five counts of patent infringement by alleging infringement of "<u>at least</u> claim 1 of" each of the five asserted patents. *Id.,* Doc. 6 (emphasis added).  The court held:

> Claim 1 of [one asserted] patent has not been shown to be representative of all 45 claims [of the five asserted patents]. * * * Thus, in as much as at least 44 of the 45 claims are going forward, <u>*all the counts state a claim upon which relief can be granted*</u> even were I to agree with [the patent ineligibility arguments of] Defendant on Claim 1 . . . ."

*Id.*, Doc. 68 (emphasis added). Similarly, in *Trackthings v. Netgear*, No. 22-cv-981, 2023 WL 4926184 (D. Del. Aug. 2, 2021), the complaint asserted three counts of patent infringement by alleging infringement of "<u>*one or more*</u> [patent] claims of" each of the three asserted patents, consisting of a total of 55 patent claims. The defendant filed a Rule 12(c) motion challenging patent eligibility, focusing its arguments on only a single claim of each patent. The court held:

> I cannot conclude that claim 1 of each patent is representative of that patent's claims.  So

even if I were to conclude that independent claim 1 of each patent covers ineligible subject matter, that wouldn't lead me to conclude that every dependent claim is likewise ineligible. So _the case will go forward with all asserted patents no matter what I say about the independent claims_.

*Id.*, 2023 WL 4926184, at *11, *report and recommendation adopted*, 2023 WL 5993186 (Sept. 15, 2023) (emphasis added); *accord, e.g., Onstream Media v. Webcast Plus*, No. 23-cv-385, Doc. 33 at 8 (W.D. Tex. Feb. 7, 2024) (complaint asserted nine counts of patent infringement by alleging infringement of "at least claim 1 of the" nine asserted patents) ("[A] finding that any of the other asserted claims survives a § 101 challenge necessarily permeates and defeats a motion to dismiss as to all of the asserted claims."); *CXT Sys. v. Academy*, No. 2:18-cv-171, 2019 WL 1237148, at *4 (E.D. Tex. Mar. 12, 2019), *report and recommendation adopted*, 2019 WL 1375175 (E.D. Tex Mar. 27, 2019) (where complaint asserted two counts of patent infringement by alleging infringement of "at least claim 1 of the" two asserted patents, denying motion to dismiss because "even if Claim 1 is not directed to patent-eligible subject matter . . . Defendants have not adequately shown that the other claims within the [asserted patents] are invalid under § 101").

The Magistrate Judge correctly denied Citrix's Motion because it seeks dismissal of only _part_ of each of the eight Counts for patent infringement (i.e. a single patent claim of each asserted patent). The AC asserts eight separate Counts for infringement of eight asserted patents under 35 U.S.C. § 271, and attaches the patents, which state in full the 161 claims asserted by T5.2 and charted in its infringement contentions. AC ¶¶ 101-209, Exs. 1- 8.[2] Each patent underlying each

---

[2] Citrix's claim that it "could not have anticipated in its Motion" that the AC asserted 161 patent claims is simply not credible. Doc. 90 at 2. As stated by the Magistrate Judge, "Citrix has not argued that T5.2 was required to identify all 161 claims in the Amended Complaint (or at any time prior to March 25, 2025 the date on which T.52 served its Preliminary Infringement Contentions)." Doc. 85 at 5 n.3. Nor could it. Each Count of the AC alleges that Citrix infringes "_one or more claims_ of the '[asserted] patent, including _but not limited to at least claim [#]_." AC ¶¶ 105, 121, 134, 147, 160, 173, 187, 200. As held by the Federal Circuit (and the Magistrate Judge), Doc. 85 at 5 n.3, allegations that accused products "meet 'each and every element _of at least one claim_ of the [asserted patent]'" are "enough to provide [a defendant] fair notice of infringement of _the_

Count for patent infringement includes 10 or more patent claims. Citrix challenges only one patent

claim under each Count for patent infringement and states unequivocally that its Motion does not

"address [the 153] patent claims beyond the eight identified in its Motion" or "contend that one

particular claim is representative of any other." Doc. 53 at 1, 4. Citrix thereby admits its Motion

impermissibly seeks piecemeal dismissals of only _a part_ of each Count for patent infringement

(i.e., just one patent claim of each asserted patent) alleged by T5.2.

Instead of citing authority addressing Rule 12(b)(6)'s prohibition against piecemeal

dismissal of parts of causes of action, Citrix instead cites cases in which the issue was neither

raised nor considered, contending that courts "routinely" dismiss portions of causes of action,

including single patent claims.  Doc. 90 at 4, 10. _None_ of the cases relied upon by Citrix, however,

analyze the issue of whether Rule 12(b)(6) allows piecemeal dismissal of parts of a cause of action

for patent infringement or any other cause of action.[3] Citrix's citations are dicta and should be

---

_asserted patents_." _Disc Disease Sol'ns v. VGH Sol'ns_, 888 F.3d 1256, 1260 (Fed. Cir. 2018)
(emphasis added); _accord Beckman Coulter v. Sysmex Am._, No. 17-cv-24049, 2018 WL 4901407,
at *2 (S.D. Fla. Sept. 26, 2018) (allegation that accused products "meet each limitation set forth in
_at least one_ of the claims" "is adequate to give [a defendant] fair notice and . . . plead a plausible
claim for patent infringement"); _CTX Sys. v. Academy_, 2:18-cv-171, 2019 WL 1858301, at *3 (E.D.
Tex. Mar. 11, 2019), _report & recommendation adopted_, 2019 WL 1795929 (E.D. Tex. Apr. 3,
2019) (complaint that "alleged that the accused products 'satisfy each and every limitation of _one
or more claims_' of the [asserted] patent" and attached asserted patent is "'enough to provide
[defendant] fair notice of infringement of the' [asserted] patent"). "There is no absolute
requirement that plaintiffs identify with enhanced particularity the specific patent claim at issue,"
_Air Dynamics Indus. Sys. v. Lehman_, No. 19-cv-2073, 2020 WL 6544966, at *6 (M.D. Pa. Nov. 6,
2020), or allege facts supporting every limitation of every claim. _Continental Circuits v. Intel_, No.
16-cv-2026, 2017 WL 679116, at *5 (D. Nev. Feb 21, 2017) (no requirement "to allege facts
supporting every limitation of every claim in each of the four patents-in-suit"). The AC, upon its
filing, asserted and provided Citrix with fair notice of T5.2's eight causes of action for infringement
of the 161 asserted claims. Further, Citrix's counsel served as counsel for Microsoft in the previous
suit involving the same patents and acknowledged at the outset of the case, before service of
preliminary infringement contentions, that the case would involve more than 170 asserted patent
claims.  No. 6:21-cv-462, Doc. 19 at 2.
[3] For example, Citrix's reliance on _United States v. Hajecate_, 683 F.2d 894 (5th Cir. 1982), is
misplaced. Doc. 90 at 6.  _Hajecate_ is a criminal matter and did not address the Federal Rules of
Civil Procedure.  , Citrix's quotation from _Bossetti v. Allergan Sales_, No. 22-cv-523, 2023 WL

ignored. *McNely v. Ocala Star-Banner*, 99 F.3d 1068, 1077 (11th Cir. 1996) (dicta should be ignored because "the [cited] court had no occasion to consider the . . . question at issue in this case"). Mere examples of unwitting or mistaken dismissals of a portion of a claim with no consideration of Rule 12(b)(6)'s prohibition against piecemeal dismissal of parts of causes of action do not justify ignoring or revising the Federal Rules of Civil Procedure. *United States ex rel Sedona Ptrs.*, 146 F.4th at 1042; *Merritt*, 120 F.3d at 1187. Accordingly, this Court should overrule Citrix's Objection and adopt the Report and Recommendation of the Magistrate Judge.

C.   **Citrix Fails to Distinguish *BBL v. City of Angola* and Other Authorities Cited by the Magistrate Judge.**

Citrix attempts to distinguish *BBL v. City of Angola*, claiming the motion that impermissibly sought dismissal of certain _elements_ of a plaintiff's cause of action in *BBL* is different from Citrix's attempt to dismiss a single patent claim from each of T5.2's causes of action for infringement of the patent, an argument previously rejected by the Magistrate Judge. Doc. 90 at 8-9; *see also* Doc. 85 at 8. In addition, Citrix rehashes its previous argument, also rejected by the Magistrate Judge, claiming the other relevant authorities merely suggest that dismissal of a _theory_—as opposed to a single patent claim in a cause of action for infringement of the patent—is improper under Rule 12(b)(6). Doc. 90 at 9; *see also* Doc. 85 at 7-8. Notably, Citrix makes no effort to distinguish *Rideshare v. Lyft, Trackthings v. Netgear, Onstream Media v. Webcast Plus, or CXT Sys. v. Academy*, which show that Rule 12(b)(6) does not permit dismissal of a single patent claim from a cause of action for infringement of the patent.

As stated by the Magistrate Judge, Citrix's purported distinctions are not material. Doc. 85 at 7. Regardless of whether a motion is directed to an "element," "theory," or "claim of a

---

4030681, at *6 (S.D. Ohio June 15, 2023), is also unavailing. Doc. 90 at 6. Neither the district court's decision nor the Sixth Circuit decision on which district court purports to rely analyzed whether Rule 12(b)(6) allows piecemeal dismissal of parts of a cause of action. *Id.* at *6; *O'Neill v. Louisville/Jefferson Cty. Metro Gov't*, 662 F.3d 723, 735-36 (6th Cir. 2011).

patent," all of these constitute "part of [a] claim" that cannot be dismissed under Rule 12(b)(6)—in contrast to Rule 56, which allows a party to seek summary judgment on part of a claim. Even if the eight patent claims addressed in Citrix's Motion were not patent eligible (which is not the case), each of the eight Counts for patent infringement in the Amended Complaint would still "state a claim upon which relief can be granted" because each Count is premised on additional claims of the patents asserted. *Rideshare*, 2021 WL 4477242, at *1; *accord Trackthings*, 2023 WL 4926184, at *11; *Onstream Media*, No. 23-cv-385, Doc. 33 at 8; *CXT Sys.*, 2019 WL 1237148, at * 4. Citrix's Motion, therefore, improperly seeks dismissal of only a part of each cause of action for patent infringement. Accordingly, this Court should overrule Citrix's Objection and adopt the Report and Recommendation of the Magistrate Judge.

> **D.      The Magistrate Judge Correctly Found That Each Count in the Amended Complaint Raises a Cause of Action for Infringement of Each Asserted Patent, Not Separate Causes of Action for Infringement of Each Patent Claim.**

Citrix's Objection mistakenly contends that a cause of action for infringement of a patent under Title 35 of the United States Code necessarily asserts separate and independent causes of action for each claim of an asserted patent. Doc. 90 at 10. Even in the unlikely event this Court considers this newly raised argument, the Court should reject it as contrary to both the governing statute and case law. The statute creating a cause of action for patent infringement is titled "Infringement of *patent*" and expressly creates a cause of action for infringement of each asserted *patent*, not a separate cause of action for each claim of a patent. 35 U.S.C. § 271 ("§271. Infringement of *patent*"); § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes *the patent*."); § 271(b) ("Whoever actively induces infringement *of a patent* shall be liable as an infringer."); § 271(c) ("Whoever offers to sell or sells . . . a component . . . for use in an infringement *of such patent* . . . shall be liable as a contributory infringer.). Likewise, the statute creating a remedy for

patent infringement is titled "Remedy for infringement of *patent*" and states "[a] patentee shall have remedy by civil action for *infringement of his patent*." 35 U.S.C. § 281. Further, as noted by the Magistrate Judge and repeatedly stated by the Federal Circuit, "[i]n the patent context, *'[e]ach patent* asserted raises an independent and distinct cause of action' and therefore 'infringement must be separately proved *as to each patent*.'" Doc. 85 (quoting *Optis Cellular Tech. v. Apple*, 139 F.4th 1363, 1375 (Fed. Cir. 2025)) (internal quotations omitted); *accord Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555-56 (Fed. Cir. 1996); *Omnia Medical v. PainTEQ*, No. 22-cv-145, 2022 WL 3139241, at *4 (M.D. Fla. Aug. 5, 2022) ("*[e]ach patent* asserted raises an independent and distinct cause of action") (internal quotations omitted); *UPF Innovations v. Athena Group*, No. 18-cv-37, 2018 WL 7360631, at *1 (N.D. Fla. June 29, 2018) ("*[E]ach patent* at issue 'is an independent and distinct cause of action.'") (quoting *Senju Pharm v. Apotex*, 746 F.3d 1344, 1349 (Fed. Cir. 2014)). The mere fact that each claim of a patent is presumed valid under the statute and may form a basis for a cause of action for infringement of the patent does not transform the statutory cause of action from "Infringement of patent" to "Infringement of claim." Indeed, the statute's use of the term "patent" instead of "claim of a patent" when creating the cause of action and remedy for patent infringement shows that Congress did *not* intend infringement of individual claims of a patent to create distinct causes of action. *Dean*, 556 U.S. at 573.

The filings of both parties confirm this conclusion. As stated above, the AC asserts eight separate Counts for infringement of eight asserted patents and attaches the patents, which state in full all of the 161 asserted claims, AC ¶¶ 101-209, Exs. 1- 8, and Citrix's Motion to Dismiss admits that "T5.2 asserts eight *patents* . . . in this action" and requested the Court to "dismiss with prejudice T5.2's *complaint alleging that Citrix infringes the patents-in-suit*," Doc. 45 at 2 & 25.

Citrix asserts "because each claim of a patent stands on its own merits with respect to infringement and validity, courts routinely dismiss just a single patent claim, even while permitting

[other patent claims to proceed]." Doc. 90 at 10.  Not a single case cited by Citrix, however, adopts (or even mentions) Citrix's novel legal theory or analyzes whether Rule 12(b)(6) allows piecemeal dismissal of parts of a cause of action for patent infringement. Further, Citrix makes no effort to distinguish *Rideshare v. Lyft*, *Trackthings v. Netgear, Onstream Media v. Webcast Plus, or CXT Sys. v. Academy*, which show that Rule 12(b)(6) does <u>not</u> permit dismissal of a single patent claim from a cause of action for infringement of the patent containing the claim. Citrix's Objection ignores the plain language of the United States Code and Rule 12(b)(6) and is contrary Federal Circuit precedent. Accordingly, this Court should overrule Citrix's Objection and adopt the Report and Recommendation of the Magistrate Judge.

## II.    Citrix's Request to Submit Additional Briefing Regarding Claim Representativeness Is Improper and Should Be Denied.

Without citation to any authority, Citrix requests the Court, "in the alternative," to allow it "to provide additional briefing regarding whether the eight claims addressed in Citrix's Motion are representative of all 161 asserted claims . . . ." Doc. 90 at 14. This request should be denied.  First, the request is improper because it does not "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for the objections, and supporting legal authority" as required by the Magistrate Judge Rules.  L.M.J. R. 4(b). Second, Citrix not only failed to raise the above issue of claim representativeness before the Magistrate Judge, it expressly disclaimed any intent to do so. In its Reply, Citrix stated it "does not contend that one particular claim is representative of any other, nor did it address patent claims beyond the eight identified in its Motion." Doc. 53 at 1. Nonetheless, Citrix argued that "[t]o contest a reasonable assertion of representativeness," T5.2 must make a "non-frivolous argument" showing that the eligibility of the purported representative claim does not fairly represent all claims in the group for purposes of eligibility. Doc. 53 at 9.  This tactic failed.  As found by the Magistrate Judge,

16

Citrix never made any assertion of representativeness. And Citrix omits that the burden only shifts to the patent owner to make the foregoing "non-frivolous argument" if "[t]he patent challenger who identifies a claim as representative of a group of claims [satisfies the patent challenger's] initial burden to make a prima facie showing that the group of claims are 'substantially similar and linked to the same' ineligible concept." * * * Thus, the burden never shifted to T5.2 to contest Citrix's *nonexistent* assertion of representativeness.

Doc. 85 at 4 (quoting *Mobile Acuity v. Blippar*, 110 F.4th 1280, 1290 (Fed. Cir. 2024)). Permitting Citrix to raise this argument in additional briefing "would eliminate efficiencies gained through the Magistrates Act" and allow Citrix an unfair benefit by "chang[ing] [its] tactics after issuance of the magistrate judge's report and recommendation." *Blue Chip Alliance*, 2024 WL 4248873, at *2. Accordingly, this Court should overrule Citrix's Objection and adopt the Report and Recommendation of the Magistrate Judge.

## III. This Court May Deny Citrix's Motion on Other Procedural and Substantive Grounds.

Citrix's Objection further requests this Court to grant its Motion. Doc. 90 at 1. The Court should deny this request. Although T5.2's briefing contains a full statement of the substantive and procedural grounds for denying Citrix's Motion, the following paragraphs identify several straightforward grounds for denying the Motion, in addition to the ground recommended by the Magistrate Judge.

### 1.   This Court May Deny Citrix's Motion on Efficiency Grounds.

When a complaint asserts several patents comprising numerous patent claims, the number of claims will be narrowed as the case proceeds to trial, and the parties dispute claim representativeness, a court may deny a motion to dismiss challenging patent eligibility because "[i]t is not an efficient use of the Court's time to address the eligibility of [the claims of multiple patents] at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative." *Roku v. Almondnet*, No. 21-cv-1035, Doc. 35 (D. Del. May 10, 2022) (Ex. 1); *accord Neustar v. Prove*, No. 21-cv-1035, Doc. 24 (D. Del. Apr. 29, 2021) (Ex. 2). T5.2's AC asserts eight Counts for infringement of eight patents comprising 161 patent claims. Citrix "does

not contend that one particular claim [identified in its Motion] is representative of any other [patent claim]," Doc. 53 at 1, and T5.2 expressly disputes claim representativeness, Doc. 52 at 9-11. The parties have stipulated to reduce the number of patent claims (and prior art grounds) in the case to (1) 55 patent claims before expert reports and summary judgment; and (2) 15 claims before trial. Doc. 84. Accordingly, the Court should deny the Motion because it is not efficient to address patent eligibility at the motion to dismiss stage.

2.   Factual Disputes Require Denial of Citrix's Motion.

Factual disputes raised by the allegations of a complaint for patent infringement preclude dismissal at the pleading stage:

> When the complaint contains concrete allegations regarding 'the claimed combination's improvement to the functioning of the computer,' the asserted claims can survive a Rule 12(b)(6) motion at *Alice* step 1. And when the complaint contains concrete allegations that 'individual elements and the claimed combination are not well-understood, routine, or conventional activity,' the asserted patent can survive a Rule 12(b)(6) motion at *Alice* Step 2.

*Mirror Imaging v. PNC Bank*, No. 21-cv-518, 2022 WL 229363, at *4 (W.D. Tex. Jan. 26, 2022) (quoting *Aatrix Software v. Green Shades Software*, 882 F.3d 1121, 1128 (Fed. Cir. 2018)); *see also* Doc. 52 at 8. The AC contains concrete allegations and evidence showing that the Asserted Claims satisfy both (1) *Alice* Step 1, because they are directed to specific improvements to computer and network functionality, and (2) *Alice* Step 2, because they contain inventive limitations that disclose specific technical solutions that improve upon the prior art and were not well-understood, routine, or conventional. Doc. 52 at 4-6 & n.6, 7-8, 12-17, 21-25. Citrix does not dispute the sufficiency of these allegations or evidence. Factual disputes, therefore, preclude dismissal.

3.   Citrix Ignores the Federal Circuit's Primary Tests Under *Alice* Steps 1 & 2.

At *Alice* Step 1, the inquiry "turns on whether the claims focus on specific asserted *improvements in computer capabilities* or instead on a process or system that qualifies as an

abstract idea for which computers are invoked merely as a tool."[4] At *Alice* Step 2, claims are patent eligible if they disclose a specific technical solution that improves upon the prior art.[5] To this end, the AC contains concrete *allegations and cited evidence* (which Citrix does not challenge) showing that the Asserted Claims satisfy both of these tests. Doc. 52 at 4-6 & n.6, 7-8, 12-17, 21-25. Citrix, however, ignores the Federal Circuit's tests at both Step 1 and Step 2 and completely disregards T5.2's allegations and cited evidence. Doc. 45 at 14-22; Doc. 53, at 6-9; *see also* Doc. 52 at 12, 14, 22. Citrix cannot satisfy its burden to prove unpatentability by clear and convincing evidence without addressing the Federal Circuit's primary tests. Accordingly, this Court should deny Citrix's Motion.

## CONCLUSION

For the foregoing reasons, this Court should overrule Citrix Systems, Inc.'s Objections to the Magistrate Judge's Report and Recommendation and adopt the Magistrate Judge's Report and Recommendation.

---

[4] *Uniloc USA v. LG Electronics USA*, 957 F.3d 1303, 1306 (Fed. Cir. 2020) (emphasis added); Doc. 52 at 12 & n.18.
[5] *Cooperative Entertainment v. Kollective Tech.*, 50 F.4th 127, 132-33 (Fed. Cir. 2022); Doc. 52 at 21-22.

Dated: October 28, 2025

Respectfully submitted,

*/s/ Alexander D. Brown*

**THE CONCEPT LAW GROUP, P.A.**
Alexander D. Brown, Esq.
Florida Bar Number: 752665
abrown@conceptlaw.com
Scott D. Smiley, Esq.
Florida Bar Number: 678341
scott@conceptlaw.com
Robert C. Kain, Esq.
Florida Bar Number: 266760
rkain@conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, FL 33309
Telephone: (754) 300-1500

**DINOVO PRICE LLP**
Adam G. Price, Esq.
Admitted *pro hac vice*
aprice@dinovoprice.com
Christopher V. Goodpastor, Esq.
Admitted *pro hac vice*
cgoodpastor@dinovoprice.com
Gregory S. Donahue, Esq.
Admitted *pro hac vice*
gdonahue@dinovoprice.com
Gabriel R. Gervey, Esq.
Admitted *pro hac vice*
ggervey@dinovoprice.com
Michael D. French, Esq.
Admitted *pro hac vice*
mfrench@dinovoprice.com
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, TX 78731
Telephone: (512) 727-6691

**ATTORNEYS FOR PLAINTIFF T5.2 LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Alexander D. Brown*
Alexander D. Brown, Esq.

## SERVICE LIST

Ardith Bronson, Esq.
Jose M. Espinoza, Esq.
**DLA PIPER LLP (US)**
**200 South Biscayne Boulevard Suite 2500**
**Miami, Florida 33131**
(e):
ardith.bronson@us.dlapiper.com
(e):
jose.espinoza@us.dlapiper.com

Ankur Desai, Esq. (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
**500 Eighth Street, NW**
**Washington, DC 20004**
(e):
ankur.desai@us.dlapiper.com

-and-

Mary Dahl, Esq. (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
**3203 Hanover Street, Suite 100**
**Palo Alto, CA 94304**
(e):
mary.dahl@us.dlapiper.com

Nandan Padmanabhan, Esq. (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
**2000 Avenue of the Stars**
**Suite 400 North Tower**
**Los Angeles, CA 90067**
(e):
Nandan.padmanabhan@us.dlapiper.com

Michael G. Strapp, Esq.
(Admitted *Pro Hac Vice*)
Safraz Ishmael, Esq. (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
**33 Arch Street, 26th Floor**
**Boston, MA 02110**
(e):
Michael.strapp@us.dlapiper.com
(e):
Safraz.ishmael@usdlapiper.com

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
*Counsel for Plaintiff*
6400 North Andrews Avenue, Suite 500 Fort Lauderdale, Florida 33309
(t): 754.300.1500
(f): 754.300.1501

By:*/s/ Alexander D. Brown*
Alexander D. Brown, Esq. (FBN: 752665)
(e): abrown@conceptlaw.com
Scott D. Smiley, Esq. (FBN: 678341)
(e): scott@conceptlaw.com
Robert C. Kain, Esq (FBN: 266760)
(e): rkain@conceptlaw.com